RAFAEL ORELLANO, Appellant, v SAMPLES TIRE EQUIPMENT AND SUPPLY CORP., Respondent, et al., Defendant.

Plaintiff was injured in 1981 while operating a machine manufactured by defendant Branick Mfg. Co. (Branick). The machine was owned by plaintiff's employer, Atlantic Tire Co.,

located in Freeport, New York. Defendant Samples Tire Equipment and Supply Corp. (Samples) is a Pennsylvania corporation which distributes products for several manufacturers, Branick among them. Plaintiff caused process to be served upon Samples on or about January 11, 1982. Samples moved to dismiss for lack of personal jurisdiction. A traverse hearing was held and resulted in an order dismissing the action as against Samples. This appeal followed.

The record indicates that Samples' activities in New York are limited to sporadic, infrequent sales solicitations here by an independent sales agent and by two of the principles of Samples. These contacts are insufficient to warrant a finding that Samples is "present" in New York, and thus there is no jurisdiction under CPLR 301 (*Frummer v Hilton Hotels Intl.,* 19 NY2d 533; *Tauza v Susquehanna Coal Co.* 220 NY 259).

The question of whether there is jurisdiction under CPLR 302 (a) is not properly before this court. CPLR 302 (a) (1) was never asserted at Special Term as a jurisdictional basis. An appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented in the court of first instance (*Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 349). Plaintiff asserted CPLR 302 (a) (3) (ii) as a jurisdictional basis in his opposition papers before Special Term but failed to object when the issue was subsequently limited, at the traverse hearing, to whether Samples was doing business in New York (CPLR 301). Any matter not preserved by an appropriate objection is waived on appeal (*Glow-Brite Elec. Serv. Corp. v Frocol Rest. Corp.,* 56 AD2d 909). In any event, there was a total failure by plaintiff to demonstrate that the cause of action arose from acts of Samples (CPLR 302 [a]). Mangano, J. P., Gibbons, Bracken and Niehoff, JJ., concur.