■ CARLOS MARRERO, an Infant, by His Mother and Natural Guardian, CARMEN REYES, et al., Appellants, v 720 DEGRAW FUNDING CORP. et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated December 16, 1987, as granted that branch of the defendants' motion which was to strike their amended bill of particulars.

Ordered that the order is affirmed insofar as appealed from, with costs.

The record reveals that some three years after their commencement of the instant action, the plaintiffs sought leave to amend their complaint and bill of particulars to assert an additional cause of action. The motion was denied and the plaintiffs failed to pursue their appeal from the denial. The action was subsequently dismissed for failure to prosecute (see, CPLR 3404). The plaintiffs eventually succeeded in vacating their default in prosecuting, and were directed by the court to file a new note of issue in the action in order to restore the matter to the Trial Calendar. However, upon serving the new note of issue, the plaintiffs simultaneously served therewith an amended bill of particulars setting forth allegations substantially similar to those previously rejected by the court. These allegations did not correspond to any cause of action asserted in the complaint and instead supported the claim which the plaintiffs had been precluded from adding to the complaint by a prior order of the court. The amended bill also alleged previously unmentioned injuries.

In view of the foregoing, we conclude that the Supreme Court acted appropriately in striking the plaintiffs' amended bill of particulars, as the amended bill improperly set forth a new cause of action and new injuries (see, CPLR 3043 [b]). The plaintiffs were not entitled to take advantage of the opening of their default by amending their bill of particulars as a matter of right pursuant to CPLR 3042 (g) so as to include allegations previously rejected by the court. Rather, they were required to seek and obtain the court's permission for the amendment under the circumstances presented.

We do not consider the parties' respective contentions regarding timeliness under CPLR 3042 (a) and (d), as these contentions are improperly raised for the first time on appeal (see, Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757, 758). Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.