■ RICHARD J. PASEK, Appellant-Respondent, v PLAYTIME KIDDIEWEAR, INC., et al., Respondents, and CHARLES E. DU-VALL, Respondent-Appellant.

In this personal injury action, plaintiff, a cab driver, claimed that he had stopped to pick up a passenger, and was struck in the rear by a vehicle owned by defendant Playtime and operated by German, which had been struck in the rear by Duvall's vehicle. German and Duvall each testified that plaintiff's cab passed them on the right side, cut them off, and came to a sudden stop in front of them to pick up a fare.

The trial court committed no error in granting defendants German's and Playtime's motion to dismiss the verified complaint as against them at the conclusion of trial. Since German was able to stop his vehicle and struck plaintiff only because of Duvall's inability to stop, there was no valid line of reasoning and permissible inferences to be drawn therefrom which could possibly lead a rational jury to conclude that these defendants could be liable. *(See, Cohen v Hallmark Cards,* 45 NY2d 493, 499.) Contrary to plaintiff's and cross-appellant Duvall's claims, there were no disputed material facts warranting submission to the jury of a question of liability as against German and Playtime.

Neither the court's charge on emergency doctrine, nor the charge on turning across traffic, was erroneous or prejudicial. We do not reach plaintiff's claim that defendant German offered opinion testimony, since plaintiff failed to lodge the

appropriate objection to preserve the claim for our review. *(Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757.)

We find no basis for disturbing the jury's apportionment of liability given the evidence of plaintiff's culpable conduct. *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 516-517). Concur —Sullivan, J. P., Milonas, Wallach and Kassal, JJ.