■ ELIZABETH R. FONDARAS, Respondent, v GABYRO, INC., et al., Appellants. [627 NYS2d 82] —In an action, *inter alia,* for a judgment declaring null and void contracts for the sale of two

parcels of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated April 7, 1994, which granted the plaintiff's motion for summary judgment on the first and second causes of action against the defendants Gabyro, Inc., and Trojan Development, Inc.; denied the cross motion of the defendants Jeffrey E. Schulman and Paul Tramantano to dismiss the complaint insofar as it is asserted against them; and denied the cross motion of the defendants Gabyro, Inc., and Trojan Development, Inc., for leave to serve an amended answer.

Ordered that the order is affirmed, with costs.

The court properly granted summary judgment to the plaintiff on her first two causes of action. The plaintiff proffered sufficient evidence to demonstrate that no triable issues of fact exist with regard to the first two causes of action, and the defendants' papers in opposition to the plaintiff's motion are insufficient to demonstrate otherwise (see, Alvarez v Prospect Hosp., 68 NY2d 320; Zuckerman v City of New York, 49 NY2d 557).

The defendants' contention that the plaintiff failed to notify the defendants of the time-of-the-essence closing date is not properly before this Court because it is raised for the first time on appeal. In any event, it is without merit (see, Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757). Therefore, the defendants' failure to appear at the closing, at which the plaintiff tendered marketable title, automatically terminated the defendants' interest in the parcels pursuant to the terms of the contracts of sale.

The defendants' remaining contentions are without merit. Sullivan, J. P., Miller, Santucci and Altman, JJ., concur.