■ SAUL FREEMAN et al., Plaintiffs, v DIAMOND CHEMICAL Co., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. INDEPENDENT CHEMICAL CORP., Third-Party Defendant and Third-Party Plaintiff-Appellant; FREEMAN's CIRCLE VALET, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. [633 NYS2d 815] —In an action to recover damages for personal injuries, etc., based on negligence, strict liability, and breach of warranty, the third and fourth-party

defendant fifth-party plaintiff Independent Chemical Corp. appeals from an order of the Supreme Court, Westchester County (Palella, J.), dated February 3, 1995, which denied its motion for summary judgment dismissing the third and fourth-party complaints and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff Saul Freeman was injured when he handled a chemical supplied by the appellant, a distributor of industrial chemicals. The appellant alleges that it sold the chemical in 55-gallon drums to the defendant third-party plaintiff Diamond Chemical Co., Inc., which repackaged the chemical into one-gallon bottles and then sold them to the defendant fourth-party plaintiff Buy-Rite Chemical Co., which allegedly sold the product to the plaintiff's employer. The appellant contends on appeal that it owed no duty to either Diamond Chemical Co., Inc., or Buy-Rite Chemical Co. to warn them of the dangers of repackaging the chemical, which repackaging, it claims, was the proximate cause of Saul Freeman's injuries.

However, since the appellant did not raise the issue of its lack of duty to warn in the Supreme Court, this issue is not properly before this Court on appeal (see, Fondaras v Gabyro, Inc. 215 AD2d 723; Orellano v Samples Tire Equip. & Supply Corp., 110 AD2d 757). Moreover, there are triable issues of fact as to the adequacies of the warnings supplied by the appellant with the drums of chemicals it sold.

We have examined the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.