■ FOUR WINDS, INC., Respondent, v LAWRENCE HEALTH-
CARE ADMINISTRATIVE SERVICES, INC., Appellant, et al.,
Defendants. [646 NYS2d 455] —In an action to recover damages
for breach of contract, the defendant Lawrence Healthcare
Administrative Services, Inc., appeals, as limited by its brief,
from so much of an order of the Supreme Court, Westchester
County (Donovan, J.), entered June 16, 1995, as denied its mo-
tion for summary judgment dismissing the complaint insofar
as asserted against it.

Ordered that the order is reversed insofar as appealed from,
on the law, with costs, the motion is granted, the complaint is
dismissed insofar as it is asserted against the appellant, and
the action is severed as to the remaining defendants.

The plaintiff hospital, as assignee of any health benefits pay-
able to an employee of the defendant Town of Greenburgh for
the treatment of that employee's stepdaughter, commenced
this action against, among others, the defendant Lawrence
Healthcare Administrative Services, Inc. (hereinafter LHC).
The complaint alleged that LHC breached its contractual
obligation to pay the full cost of the treatment pursuant to the
Town of Greenburgh Employee Health Benefit Plan (hereinaf-
ter the Plan). LHC moved for summary judgment, and the
Supreme Court denied the motion. We reverse.

LHC correctly contends that it made a prima facie showing
of entitlement to judgment as a matter of law (see, Alvarez v
Prospect Hosp., 68 NY2d 320), inasmuch as its submission of a
copy of the text of the Plan, the Administrative Service Agree-
ment between LHC and the Town, and the affidavits of the
Town Comptroller and the president of LHC demonstrate that
only the Town, and not LHC, had the authority and obligation
to determine whether claims should be approved and paid
under the Plan. The plaintiff failed to demonstrate the exis-
tence of a genuine triable issue of fact in opposition to the mo-
tion (see, Zuckerman v City of New York, 49 NY2d 557). In this
regard, we note that the correspondence and other documents
in the record do not indicate that LHC either assumed or held
itself out as assuming the obligations of the Town under the
Plan.

The plaintiff's remaining arguments are either improperly
raised for the first time on appeal (see, Orellano v Samples Tire
Equip. & Supply Corp., 110 AD2d 757) or without merit.
Thompson, J. P., Joy, Krausman and Florio, JJ., concur.