■ LORRAINE REBECCHI, Appellant, v KENNETH WHITMORE et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Namm, J.), entered Septem-

ber 6, 1989, which denied her motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.

On a motion for summary judgment the movant must establish his or her cause of action or defense sufficiently to warrant a court directing judgment in its favor as a matter of law *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Alvarez v Prospect Hosp.,* 68 NY2d 320). "The party opposing the motion, on the other hand, must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" *(Frank Corp. v Federal Ins. Co., supra,* at 967; *GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965). Mere conclusions or unsubstantiated allegations are insufficient to raise a triable issue *(see, Frank Corp. v Federal Ins. Co., supra).*

Further, to grant summary judgment, it must clearly appear that no material triable issue of fact is presented. The burden on the court deciding this type of motion is not to resolve issues of fact or determine matters of credibility but merely to determine whether such issues exist *(see, Barr v County of Albany,* 50 NY2d 247; *Daliendo v Johnson,* 147 AD2d 312, 317).

Applying these principles to this case, the proof submitted in support of the motion for summary judgment on the issue of fault, *viz.,* the affidavit from the plaintiff, stating that her vehicle was at a complete stop for approximately 30 seconds when it was struck in the rear by the vehicle owned by the corporate defendant and driven by the defendant Kenneth Whitmore, was sufficient to establish as a matter of law that the defendants were solely at fault for this occurrence *(see, Daliendo v Johnson, supra,* at 321; *Dickens v Merritt,* 123 AD2d 738, 739; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Compelled to lay bare their proof on this issue, the defendants submitted an attorney's affirmation together with an accident report made at the scene and excerpts from Whitmore's examination before trial. In the accident report, Whitmore admitted that he failed to keep the plaintiff's vehicle in constant view and when he looked up the plaintiff's vehicle had "stopped dead". In his deposition testimony, Whitmore not only admitted again that he failed to keep that vehicle in view, but also admitted failing to do so after observing it rolling to a stop. He later stated that when he

looked up the plaintiff's vehicle was "almost stopped". This comports with the plaintiff's version of the events immediately prior to the accident. Therefore, no real issue of fact exists. Moreover, whether or not the plaintiff was already stopped or rolling to a stop, Whitmore was under a duty to maintain a safe distance between the two vehicles (see, Vehicle and Traffic Law § 1129 [a]) and his failure to do so, in the absence of an adequate explanation, constituted negligence as a matter of law which caused the accident (see, Silberman v Surrey Cadillac Limousine Serv., supra, at 833). Mangano, P. J., Brown, Sullivan, Harwood and Miller, JJ., concur.