■ HERBERT L. SMITH, Respondent, v JOSEPH CAFIERO et al., Defendants, and DEBORAH A. RAISLEY, Appellant. [610 NYS2d 76] —In an action to recover damages for personal injuries, the defendant Deborah A. Raisley appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Amann, Jr., J.), dated December 16, 1991, as denied her motion for summary judgment dismissing the complaint insofar as it is asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion is granted, the complaint is dismissed insofar as it is asserted against the appellant, and the action against the remaining defendants is severed.

This action involves a four-car chain reaction collision which occurred on Forest Hill Road in Richmond County. Eileen A. Achilles stopped her vehicle, allegedly due to the actions of an unidentified vehicle. Thereafter, the appellant stopped behind Achilles, and either hit her or stopped just short of hitting her. The plaintiff Herbert Smith then brought his vehicle to a stop, without hitting the appellant's car.

Almost immediately thereafter, the plaintiff's car was hit by the defendant Joseph Cafiero's car, and pushed into the appellant's car, and then Achilles's car. The Supreme Court denied the appellant's motion for summary judgment, finding that issues of fact existed, but without stating what the issues were.

The papers submitted by the appellant clearly showed her entitlement to summary judgment. The papers submitted by the plaintiff fail to show any of the appellant's actions from which it could be inferred that any negligence on her part caused the plaintiff's accident (see, Sollecito v Scott, 188 AD2d 824; Pasek v Playtime Kiddiewear, 179 AD2d 412; Barnes v Lee, 158 AD2d 414; Sciocchetti v Trichilo, 127 AD2d 958). Furthermore, whether or not the appellant's actions may have caused damage to the other parties, her actions were not a proximate cause of the plaintiff's injuries (see, Derdiarian v Felix Contr. Corp., 51 NY2d 308; Sciocchetti v Trichilo, supra). Therefore, the Supreme Court should have granted the appellant's motion. Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.