■ ALICE M. CHAMBERLIN et al., Respondents, v SUFFOLK COUNTY LABOR DEPARTMENT et al., Respondents, and ISAAC G. BOLDEN, Appellant. [634 NYS2d 202] —In a negligence action to recover damages for personal injuries arising out of an automobile accident, the defendant Isaac G. Bolden appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 4, 1994, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, and the plaintiffs' complaint and all cross claims are dismissed insofar as they are asserted against the defendant Isaac G. Bolden.

On a motion for summary judgment, the movant must establish his defense sufficiently to warrant a court awarding judgment in his favor as a matter of law (see, Frank Corp. v Federal Ins. Co., 70 NY2d 966; Rebecchi v Whitmore, 172 AD2d 600). The opposing parties must then produce sufficient evidentiary proof in admissible form to raise a triable issue of fact warranting a trial (see, Frank Corp. v Federal Ins. Co., supra; Rebecchi v Whitmore, supra). It is the court's burden to determine whether a triable issue of fact exists (see, Barr v County of Albany, 50 NY2d 247; Rebecchi v Whitmore, supra). Upon our review of the record, we find that no triable issues of fact exist which preclude granting the appellant's motion for summary judgment.

This appeal arises out of a multi-vehicle collision during heavy traffic in which the vehicle operated by the plaintiff Alice Chamberlin was propelled into the appellant's vehicle after her vehicle was hit in the rear by the vehicle operated by the

defendant-respondent Gerald Marchisotto, whose vehicle was in turn hit in the rear by the vehicle operated by the defendant-respondent John Ryan. The appellant presented evidence that Alice Chamberlin was able to come to a complete stop behind him without coming into contact with his vehicle before her vehicle was propelled into his. Once Alice Chamberlin's vehicle stopped behind the appellant's vehicle, the appellant was not the proximate cause of the rear-end collision between the vehicle operated by Gerald Marchisotto and the plaintiff's vehicle *(see, Smith v Cafiero,* 203 AD2d 355). Joy, J. P., Hart, Goldstein and Florio, JJ., concur.