■ HELEN LEHMANN, Respondent, v JEAN M. SHEAVES, Respondent, BERNARD O'NEILL, Appellant-Respondent, and DONALD GERLACH, Respondent-Appellant. [647 NYS2d 557] —In an action to recover damages for personal injuries, the defendant Bernard O'Neill appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated May 1, 1995, as denied his motion for summary judg-

ment dismissing the complaint and the cross claim by the defendant Donald Gerlach insofar as they are asserted against him, and the defendant Donald Gerlach cross-appeals from the same order.

Ordered that the cross-appeal of the defendant Donald Gerlach is dismissed as abandoned, for failure to perfect the same in accordance with the rules of the Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Bernard O'Neill, on the law, the motion is granted, and the complaint and the cross claim by the defendant Donald Gerlach are dismissed insofar as asserted against the appellant; and it is further,

Ordered that the defendant Bernard O'Neill is awarded one bill of costs.

On a motion for summary judgment, the movant must establish his defense sufficiently to warrant a court awarding judgment in his favor as a matter of law (*see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Rebecchi v Whitmore,* 172 AD2d 600). The opposing parties must then produce sufficient evidentiary proof in admissible form to raise a triable issue of fact warranting a trial (*see, Frank Corp. v Federal Ins. Co., supra; Rebecchi v Whitmore, supra*). It is for the court to determine whether a triable issue of fact exists (*see, Barr v County of Albany,* 50 NY2d 247; *Rebecchi v Whitmore, supra*).

This appeal arises out of a multi-vehicle collision in which the vehicle of the appellant Bernard O'Neill initially struck the vehicle of the defendant Donald Gerlach. Next, the vehicle operated by the defendant Molly Dobbie struck the rear end of the vehicle of the plaintiff Helen Lehmann, propelling Lehmann's vehicle into the appellant's vehicle. The appellant presented evidence that the plaintiff's vehicle had come to a complete stop behind the appellant's vehicle without coming into contact with the appellant's vehicle before the plaintiff's vehicle was propelled into the appellant's vehicle by Dobbie's vehicle. Since the plaintiff's vehicle had stopped, the appellant's actions were not a proximate cause of the rear-end collision between the plaintiff's vehicle and Dobbie's vehicle (*see, Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580; *Smith v Cafiero,* 203 AD2d 355). Thompson, J. P., Joy, Krausman and Florio, JJ., concur.