**37** Casiano Ner et al., Respondents, v Regulo Celis, Defendant, George Gerardi, Appellant, and Joy N. Legreid, Respondent. [664 NYS2d 481] —In an action to recover damages for personal injuries, the defendant George Gerardi appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated October 2, 1996, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as they are asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendant George Gerardi is granted; and the complaint and all cross claims are dismissed insofar as they are asserted against that defendant.

The defendant George Gerardi was the operator of the second vehicle involved in a four-car, chain-reaction collision. The evidence in the record, including the deposition testimony of Gerardi as well as that of the operator of the first vehicle and of

the plaintiffs themselves, demonstrated that Gerardi succeeded in coming to a full stop behind the first vehicle, and that the vehicle following Gerardi also came to a full stop before being struck by the plaintiffs' vehicle and propelled into Gerardi. The plaintiffs failed to come forward with evidence in admissible form to substantiate their claim that Gerardi negligently stopped short and/or followed the vehicle in front of him too closely (*see, e.g., DiPaola v Scherpich,* 239 AD2d 459; *Ayoub v Dufont,* 229 AD2d 368; *Bando-Twomey v Richheimer,* 229 AD2d 554; *Leal v Wolff,* 224 AD2d 392). Gerardi's mere statement during his deposition that he "had to make an abrupt stop" was insufficient for this purpose. In any event, under the circumstances of this case, any purported negligence on the part of Gerardi could not have been a proximate cause of the collision as a matter of law (*see, e.g., Lehmann v Sheaves,* 231 AD2d 687; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580; *Parise v Meltzer,* 204 AD2d 295; *Smith v Cafiero,* 203 AD2d 355; *Pasek v Playtime Kiddiewear,* 179 AD2d 412). Accordingly, Gerardi demonstrated his entitlement to summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Miller, J. P., Sullivan, Santucci and Lerner, JJ., concur.