■ REGINA MARTINS et al., Respondents, v REBECCA MARTINS et al., Defendants, and CHRISTOPHER A. GAYLE, Appellant. [671 NYS2d 305] —In an action to recover damages for personal injuries, etc., the defendant Christopher A. Gayle appeals from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated August 14, 1997, as denied his cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that issues of fact exist which require a trial (*cf., Lehmann v Sheaves,* 231 AD2d 687; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.

■ MY CHOICE FASHION, INC., Appellant, v KOREA EXCHANGE BANK et al., Respondents. [671 NYS2d 311] —In an action to recover damages for breach of a restrictive covenant in a lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated January 22, 1997, as denied that branch of its motion which was for summary judgment on liability on the complaint and to dismiss the counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on liability on the complaint and to dismiss the counterclaims is granted.

The record establishes that the respondent landlord, Korea Exchange Bank (hereinafter KEB), breached a restrictive covenant contained in the parties' commercial lease, pursuant to which it agreed that it would not lease another store in its building to a retailer engaged in the sale of women's clothing (*see, Foresee Corp. v Pergament Enters.,* 198 AD2d 397). Contrary to the contentions of KEB, there are no triable issues of fact with respect to its violation of the covenant, and accordingly, the plaintiff's motion for partial summary judgment should have been granted. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.