■ CHERYL A. LESTER, Respondent-Appellant, v DEBORAH CHMAJ et al., Respondents, and MURIEL BUERKLEY et al., Appellants-Respondents. [674 NYS2d 222] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: This personal injury action arises from a multi-car accident on the Liverpool exit ramp of Route 81 North in Syracuse at approximately 7:15 A.M. on November 26, 1991. Defendant Deborah Chmaj spun out on a patch of black ice just over the crest of a hill and thereafter was hit from behind by a truck. Other vehicles following in rapid succession over the hill collided with one another in a chain reaction when they were unable to stop on the ice. Plaintiff was driving approximately the 10th vehicle involved in the accident. Defendant Peter M. Chynoweth preceded plaintiff into the pileup, and defendants Muriel Buerkley, Howard Hagan, Sarah B. Goodfellow and Stephen H. Robbins, and defendant Jerome A. Dubos, driving a vehicle owned by defendant Karen P. Dubos, followed. Defendants moved and cross moved for summary judgment dismissing the complaint, arguing that they were confronted with an emergency situation. Supreme Court granted the motions of Chynoweth, the Dubos and Robbins and the cross motion of Chmaj and denied the motions of Hagan and Goodfellow and the cross motion of Buerkley.

There is no factual basis to distinguish the motions brought by Hagan and Goodfellow and the cross motion brought by Buerkley from those of the Dubos and Robbins. Those defen-

dants met their initial burdens by establishing that they were confronted with a sudden and unanticipated situation that was not of their own making. The burden then shifted to plaintiff to submit proof in admissible form that they were negligent in responding to that emergency (see, *Cohen v Masten*, 203 AD2d 774, 775, *lv denied* 84 NY2d 809; *Gouchie v Gill*, 198 AD2d 862; *Hornacek v Hallenbeck*, 185 AD2d 561, 562). Plaintiff's speculation and conjecture concerning the possible culpability of those defendants was insufficient to meet that burden (see, *Hanover Ins. Co. v Washburn*, 219 AD2d 773, 774; *Cohen v Masten, supra*, at 776). Thus, Buerkley, Hagan and Goodfellow are also entitled to summary judgment dismissing the complaint.

We conclude, however, that there are issues of fact concerning the applicability of the emergency doctrine with respect to Chmaj and Chynoweth. That doctrine "does not insulate [a] party from liability for prior tortious conduct—such as traveling at an excessive rate of speed or maintaining an unsafe following distance—which contributed to bringing about the emergency, and thus indirectly caused the accident" (*Herbert v Morgan Drive-A-Way*, 202 AD2d 886, 888-889, [Yesawich Jr., J., dissenting], *revd on dissenting mem* 85 NY2d 895). There is evidence that Chmaj came over the hill at 60 miles per hour and spun out on the ice when she braked to avoid a rear-end collision with a slower moving vehicle. A jury could conclude that she was negligent. Chynoweth admitted that he had encountered black ice on the roadway earlier that morning. A jury could conclude that the emergency was one that he should have anticipated and been prepared to meet (see, *Gage v Raffensperger*, 234 AD2d 751, 752).

Nevertheless, the court properly granted the motion of Chynoweth and the cross motion of Chmaj for summary judgment dismissing the complaint on the ground that their negligence, if any, was not a proximate cause of plaintiff's injuries. The evidence establishes that those defendants preceded plaintiff into the pileup and that plaintiff, after spinning out on the ice, stopped without hitting anyone else. Plaintiff was not injured until her vehicle was struck repeatedly by vehicles that followed. Because plaintiff stopped without striking anyone else, any negligence of Chmaj and Chynoweth was not a proximate cause of plaintiff's injuries (see, *Chamberlin v Suffolk County Labor Dept.*, 221 AD2d 580, 581; *Smith v Cafiero*, 203 AD2d 355, 356; *Osowicki v Engert*, 85 AD2d 778, *lv denied* 55 NY2d 608).

Thus, we modify the order by granting the motions of Hagan

and Goodfellow and the cross motion of Buerkley for summary judgment dismissing the complaint against them. (Appeals from Order of Supreme Court, Onondaga County, Murphy, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.