■ PATRICK K. ROBINSON et al., Appellants, v BRADLEY DAY et al., Respondents, et al., Defendants. [695 NYS2d 825] —Order unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order granting the motion of defendants Bradley Day and K & R Day Trucking, Inc. (K & R) for summary judgment dismissing the complaint and cross claims against them. Plaintiffs contend that there are triable issues of fact concerning the alleged negligence of Day (for which K & R would be vicariously liable) and whether such alleged negligence caused the injuries sustained by Patrick K. Robinson (plaintiff).

This action arises out of a multi-vehicle accident that occurred in snowy and icy conditions on a two-lane road in the Town of Eden, Erie County. At the time of the accident, Day was backing a tractor-trailer owned by K & R into the driveway

of a plant on the east side of the road. In doing so, Day maneuvered the tractor-trailer diagonally across the southbound and northbound lanes, blocking both lanes. While Day was maneuvering the tractor-trailer, plaintiff exited a nearby driveway into the northbound lane. Plaintiff stopped his vehicle, by various estimates 10 to 100 feet from the tractor-trailer, while Day completed his maneuver. Plaintiff's vehicle was struck from behind by a vehicle driven by defendant Kenneth P. Achtyl, Jr. The Achtyl vehicle was in turn struck from behind by a station wagon driven by defendant Guy W. Edwards, causing the Achtyl vehicle to strike plaintiff's vehicle a second time. The tractor-trailer was not hit.

Supreme Court properly determined as a matter of law that Day was free from negligence in his operation of the tractor-trailer. In arguing otherwise, plaintiffs cite Vehicle and Traffic Law § 1143, which provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." If that statute has any application to this case, it pertains to the conduct of plaintiff, not Day. Day was not entering the roadway, nor was he crossing it from a point that was not on any roadway. Day was leaving the roadway by backing the tractor-trailer into a private driveway. It was plaintiff who entered the roadway (and who properly yielded the right-of-way) while Day was still maneuvering the tractor-trailer off the roadway.

Plaintiffs also cite Vehicle and Traffic Law § 1211 (a), which provides, "The driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic." The court properly concluded as a matter of law that Day discharged his duty under that statute. There was nothing obstructive about Day's maneuver under the circumstances. When Day pulled across the road, there was no other traffic and thus no risk of interference. Moreover, Day's brief maneuver presented no danger to plaintiff, who pulled out of the driveway after Day had begun his maneuver and who brought his vehicle safely to a stop while waiting for Day to finish backing off the road. Temporarily blocking the road for loading or unloading is not negligent conduct (*see, Murphy v Leggett*, 164 NY 121, 124-126).

Further, the court properly determined as a matter of law that any negligence on Day's part was causally attenuated from plaintiff's injuries. Plaintiff was injured directly as a result of his vehicle being struck from behind by other vehicles.

Under the circumstances, any alleged negligence on the part of Day was not a proximate cause of plaintiff's injuries (*see, Kassim v City of New York*, 256 AD2d 386; *Lester v Chmaj*, 251 AD2d 1069, 1070; *Shenloogian v Pressimone*, 248 AD2d 374; *Ner v Celis*, 245 AD2d 278, 279; *Lehmann v Sheaves*, 231 AD2d 687, 688). (Appeal from Order of Supreme Court, Erie County, Kane, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.