■ CHRISTINA BOURNAZOS, Respondent, v SUSAN A. MALFITANO et al., Appellants, and DOROTHY S. YITZHARI, Respondent. (Action No. 1.) CHRISTINA BERENBAUM et al., Plaintiffs, and SUSAN BERENBAUM, Appellant, v DOROTHY SOMEKH-YITZHARI et al., Respondents. (Action No. 2.) [713 NYS2d 75] —In two related actions to recover damages for personal injuries, etc., Susan A. Malfitano, a/k/a Susan Berenbaum and Michael Berenbaum, defendants in Action No. 1, appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 23, 1999, as, upon reargument, adhered to a prior determination in an order dated October 9, 1998, denying their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in Action No. 1, and Susan Berenbaum, a/k/a Susan A. Malfitano, a plaintiff in Action No. 2, separately appeals, as limited by her brief, from so much of the same order as, in effect, denied her cross motion for summary judgment dismissing the counterclaims in Action No. 2 insofar as asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof adhering to the prior determination denying the motion of the defendants Susan A. Malfitano, a/k/a Susan Berenbaum and Michael Berenbaum for summary judgment dismissing the complaint and all cross claims insofar as asserted against them in Action No. 1, and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

These actions arise out of a three-car collision on the Long Island Expressway. Dorothy S. Yitzhari, a/k/a Dorothy Somekh-Yitzhari, a defendant in both actions, was traveling in the middle lane when her car malfunctioned and stopped. A vehicle operated by Susan Malfitano, a/k/a Susan Berenbaum, in which Michael Berenbaum, her husband, and Christina Berenbaum, their daughter, were passengers, approached from the rear. Susan and Michael Berenbaum testified at their depositions that their vehicle came to a complete stop and was then struck in the rear and propelled into the Yitzhari vehicle by a vehicle operated by Christina Bournazos, the plaintiff in

Action No. 1 and a defendant in Action No. 2. According to Bournazos, the Berenbaum vehicle collided with the Yitzhari vehicle before she struck the Berenbaum vehicle; however, she did not deny that the Berenbaum vehicle had come to a full stop when she collided with it. Yitzhari did not see the actual collision, but estimated that the Berenbaum vehicle was exceeding the 55 mile per hour speed limit as it approached her car.

The Berenbaums established their entitlement to summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them. The evidence demonstrated that their vehicle was completely stopped when it was struck in the rear by the Bournazos vehicle. Bournazos failed to come forward with any evidence to rebut the inference of her own negligence created by the rear-end collision, or to demonstrate that any negligence on the part of Mrs. Berenbaum contributed to the accident between the Bournazos and Berenbaum vehicles (*see, Kassim v City of New York,* 256 AD2d 386; *Caputo v Schaumeyer,* 252 AD2d 512). Any possible excessive speed of the Berenbaum vehicle is irrelevant to the issue of the Berenbaums' liability to Bournazos, since it is undisputed that the Berenbaum vehicle was stopped when it was struck in the rear by Bournazos. Whether or not the Berenbaum vehicle struck the Yitzhari vehicle before Bournazos collided with it is also irrelevant. Even if Mrs. Berenbaum's actions caused damage to Yitzhari, her actions were not a proximate cause of Bournazos's injuries (*see, Smith v Cafiero,* 203 AD2d 355). Further, Bournazos's invocation of the emergency doctrine is not relevant to the issue of the Berenbaums' freedom from negligence with respect to the collision between their vehicle and the Bournazos vehicle (*see, Yusupov v Supreme Carrier Corp.,* 240 AD2d 660). Because the Berenbaums are not liable for Bournazos's injuries, they are also entitled to summary judgment dismissing Yitzhari's cross claims for contribution and indemnification asserted against them in Action No. 1.

The Supreme Court, however, properly denied Mrs. Berenbaum's cross motion for summary judgment dismissing the counterclaims asserted against her in Action No. 2 by Bournazos and Yitzhari. In those counterclaims, Bournazos and Yitzhari seek contribution and/or indemnification from Mrs. Berenbaum for any damages resulting from injuries sustained by her daughter, Christina. While the evidence demonstrated that Mrs. Berenbaum is not liable to Bournazos, the testimony that she may have been speeding and that her vehicle struck the Yitzhari vehicle before it was struck by the Bournazos ve-

hicle raises an issue of fact as to whether her conduct was a proximate cause of her daughter's injuries. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.