■ Boris Churyk, Jr., Appellant, v Shirley Haner et al., Respondents, et al., Defendant. [715 NYS2d 157] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered December 15, 1999, as granted that branch of the motion of the defendants Shirley Haner and Chase Manhattan Auto which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where the facts "clearly point to the negligence of one party without any fault or culpable conduct by the other party", summary judgment is appropriate (*Morowitz v Naughton,* 150 AD2d 536, 537). Here, in opposition to the respondents' prima facie case for summary judgment, the plaintiff failed to raise any triable issue of fact that the actions of the codefendant William J. Carlin, Jr.'s, decedent, William Kezema, were not the sole proximate cause of the accident or that the actions of the defendant Shirley Haner were a proximate cause of the accident (*see, Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580).

Contrary to the plaintiff's contention, the doctrine *of Noseworthy v City of New York* (298 NY 76) is not applicable to the facts of this case. Mangano, P. J., S. Miller, McGinity, Luciano and Smith, JJ., concur.