■ VIKTOR ELEZOVIC et al., Appellants, v C.J. HARRISON, JR., et al., Defendants, and ASHUTOSH SHARMA et al., Respondents. [739 NYS2d 410] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 18, 2001, which granted the separate motions of the defendants Paul Arguello and Halmar Builders of New York, Inc., and the defendants Ashutosh Sharma and Neena Sharma, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The instant action arises out of a six-vehicle chain-reaction collision which occurred on the Taconic Parkway in Westchester County. According to the defendant Ashutosh Sharma, a spare tire dislodged from underneath the vehicle of the defendant Stanislawa Loskot and struck the vehicle he was operating, which was owned by the defendant Neena Sharma. Subsequently, the Sharmas' vehicle struck Loskot's vehicle in the rear, although there is a dispute as to whether Ashutosh Sharma stopped the vehicle behind Loskot's vehicle and put on his blinking hazard lights before the collision or whether the two vehicles were moving at the time. In any event, the Sharmas' vehicle was rear-ended by a vehicle owned by the defendant Halmar Builders of New York, Inc. (hereinafter Halmar), and operated by the defendant Raul Arguello (hereinafter the Aguello/Halmar vehicle). According to Arguello, he stopped within about three feet of the Sharmas' vehicle, and, within a couple of seconds, his vehicle was struck from the rear by a vehicle containing the plaintiffs Viktor Elezovic and Peter Elezovic, and propelled into the rear of the Sharmas' vehicle. According to Viktor Elezovic, who was driving, he stopped his vehicle without hitting the Arguello/Halmar vehicle, but within a few seconds, his vehicle was struck from the rear by the vehicle driven by the defendant C.J. Harrison, Jr., and propelled into the rear of the Arguello/Halmar vehicle.

Contrary to the plaintiffs' contentions on appeal, the Supreme Court properly granted Arguello's and Halmar's motion for summary judgment and the Sharmas' separate motion for summary judgment. Since, by his own testimony, Viktor Elezovic stopped his vehicle without hitting the Arguello/Halmar vehicle, any negligence by Arguello and/or Ashutosh Sharma was not a proximate cause of the plaintiffs' injuries (*see, Bournazos v Malfitano,* 275 AD2d 437, 438; *McNeill v Sandiford,* 270 AD2d 467; *Lehmann v Sheaves,* 231 AD2d 687; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580; *see also, Rzepecki v Yauch,* 277 AD2d 984; *Robinson v Day,* 265 AD2d 916). Whether the Sharmas' vehicle came into contact with the Loskot vehicle before being struck in the rear by the Arguello/Halmar vehicle, or whether the Arguello/Halmar vehicle struck the Sharmas' vehicle first, does not change this (*see, Bournazos v Malfitano, supra*; *Smith v Cafiero,* 203 AD2d 355; *see also, Lester v Chmaj,* 251 AD2d 1069). Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.