■ HENRYK LEJKOWSKI, Plaintiff, v JOHN T. SIEDLARZ, Appellant, and SARAH L. CONWAY, Respondent. [769 NYS2d 748]—

In an action to recover damages for personal injuries, the defendant John T. Siedlarz appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated June 26, 2002, which granted the motion of the defendant Sarah L. Conway for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the appeal from so much of the order as granted that branch of the motion which was for summary judgment

dismissing the complaint insofar as asserted against the defendant Sarah L. Conway is dismissed, as the appellant is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

In this action arising out of a rear-end collision, the vehicle operated by the plaintiff came to a complete stop behind the vehicle operated by the defendant Sarah L. Conway, without coming into contact with Conway's vehicle. Thereafter, the vehicle operated by the plaintiff was struck from the rear by the vehicle operated by the defendant John T. Siedlarz.

The Supreme Court properly granted that branch of Conway's motion which was for summary judgment dismissing all cross claims insofar as asserted against her. Under the circumstances of this case, any purported negligence by Conway was not a proximate cause of the plaintiff's injuries (see Elezovic v Harrison, 292 AD2d 416, 417 [2002]; Bournazos v Malfitano, 275 AD2d 437, 438 [2000]; Smith v Cafiero, 203 AD2d 355, 356 [1994]; see also Rzepecki v Yauch, 277 AD2d 984, 985 [2000]; Robinson v Day, 265 AD2d 916, 917-918 [1999]; Lester v Chmaj, 251 AD2d 1069, 1070 [1998]), or a proximate cause of the rear-end collision between Siedlarz and the plaintiff (see McNeill v Sandiford, 270 AD2d 467 [2000]; Ner v Celis, 245 AD2d 278, 279 [1997]; Lehmann v Sheaves, 231 AD2d 687, 688 [1996]; Chamberlin v Suffolk County Labor Dept., 221 AD2d 580, 581 [1995]). Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.