■ NATHANIEL THOMAS et al., Respondents-Appellants, v LEE TRUCKING CO. et al., Respondents, and CONSOLIDATED BUS TRANSIT, INC., et al., Appellants-Respondents. [774 NYS2d 720]—

In an action to recover damages for personal injuries, etc., the defendants Consolidated Bus Transit, Inc., and Ronald Agnant appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Feldman, J.), dated December 24, 2002, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendants Consolidated Bus Transit, Inc., and Ronald Agnant for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting the motion, and deleting the provision thereof denying that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against the defendants Lee Trucking Co. and David S. Allen and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Consolidated Bus Transit, Inc., and Ronald Agnant payable by the plaintiffs, and one bill of costs to the plaintiffs payable by the defendants Lee Trucking Co. and David S. Allen, the complaint is dismissed insofar as asserted against the defendants Consolidated Bus Transit, Inc., and Ronald Agnant, and the action against the remaining defendants is severed.

This case involves a multivehicle collision. The vehicle operated by the injured plaintiff was stopped behind a school bus owned by the defendant Consolidated Bus Transit, Inc. (hereinafter Consolidated), and operated by the defendant Ronald Agnant (hereinafter Agnant). The school bus was stopped at a red traffic light. The injured plaintiff's vehicle did not hit the school bus until a third vehicle, owned by the defendant Lee Trucking Co. (hereinafter Lee), and operated by the defendant Davis S. Allen, struck it from the rear, propelling it into the school bus.

Consolidated and Agnant made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Since the injured plaintiff's vehicle came to a complete stop behind the school bus, Agnant's

actions were not a proximate cause of the rear-end collision between the injured plaintiff's vehicle and Lee's vehicle (*see McNeill v Sandiford,* 270 AD2d 467 [2000]; *Lehmann v Sheaves,* 231 AD2d 687 [1996]; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580 [1995]). The conclusory assertion of Lee and Allen that Agnant made a sudden and unexplained stop is insufficient to raise a triable issue of fact (*see Shamah v Richmond County Ambulance Serv.,* 279 AD2d 564 [2001]). Therefore, the Supreme Court should have granted the motion of Consolidated and Agnant for summary judgment dismissing the complaint insofar as asserted against them.

Furthermore, the record demonstrates that the proximate cause of the accident was Allen's breach of his duty to maintain proper control over his vehicle and to maintain a safe distance between his vehicle and the vehicle ahead of him (*see* Vehicle and Traffic Law § 1129 [a]; *Shamah v Richmond County Ambulance Serv., supra*). Accordingly, the Supreme Court should have granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability against Lee and Allen. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.