■ REGINA S. GOOD et al., Respondents, v WILLIAM A. ATKINS, JR., Appellant, and KATHRYN J. LAROSA, Respondent. [793 NYS2d 82]—

In an action to recover damages for personal injuries, etc., the defendant William A. Atkins, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), entered August 4, 2003, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant William A. Atkins, Jr., and the action against the remaining defendant is severed.

A vehicle owned by the plaintiff Regina S. Good and operated by the plaintiff Edward J. Good was involved in a multiple-vehicle, chain-reaction collision. The defendant William A. Atkins, Jr., alleged that as he switched lanes, the vehicles in front of him in the new lane stopped, causing his vehicle to strike the vehicle which was immediately in front of him in the new lane. Behind Atkins was a Nissan Pathfinder (hereinafter the Pathfinder), which stopped without striking Atkins' vehicle, and behind the Pathfinder was the vehicle containing the plaintiffs, which stopped without striking the Pathfinder. The defendant Kathryn LaRosa, who had been driving behind an SUV, alleged that the driver of the SUV suddenly applied his brakes and swerved out of the lane. The SUV had been trailing the plaintiffs' vehicle, and soon after the SUV swerved out of the lane, LaRosa struck the rear of the plaintiffs' vehicle, caus-

ing the plaintiffs' vehicle to strike the rear of the Pathfinder. Atkins alleged that the collision between the plaintiffs' vehicle and the Pathfinder, in turn, caused the Pathfinder to strike the rear of his vehicle. The Supreme Court, inter alia, denied Atkins's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. We reverse.

Since the plaintiffs' vehicle was able to stop without hitting the Pathfinder, any purported negligence on the part of Atkins was not a proximate cause of the collision between the plaintiffs' vehicle and LaRosa's vehicle (*see Lejkowski v Siedlarz,* 2 AD3d 791 [2003]; *McNeill v Sandiford,* 270 AD2d 467 [2000]; *Ner v Celis,* 245 AD2d 278 [1997]; *Lehmann v Sheaves,* 231 AD2d 687 [1996]; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580 [1995]). Schmidt, J.P., S. Miller, Mastro and Fisher, JJ., concur.