■ VENESE CALABRESE, Respondent, v DENNIS E. KENNEDY et al., Respondents, and LISA A. PAOLUCCIO, Appellant. [813 NYS2d 202]—

In an action to recover damages for personal injuries, the de-

fendant Lisa A. Paoluccio appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated April 13, 2005, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In this action arising out of a rear-end automobile collision, the vehicle operated by the plaintiff came to a complete stop behind the stopped vehicle of the defendant Lisa A. Paoluccio without coming into contact with that vehicle. Thereafter, the plaintiff's vehicle was struck in the rear by a vehicle operated by the defendant Janice L. Kennedy, and was propelled into the rear of the Paoluccio vehicle. The Supreme Court denied Paoluccio's motion for summary judgment, finding that questions of fact existed as to whether Paoluccio caused or contributed to the accident since she may have been stopped in front of the plaintiff in order to make a left turn in violation of Vehicle and Traffic Law § 1130 (1). We reverse.

Since the plaintiff was able to safely bring her vehicle to a complete stop behind the Paoluccio vehicle prior to the accident, any purported negligence on the part of Paoluccio was not a proximate cause of the rear-end collisions or the plaintiff's injuries (*see Good v Atkins,* 17 AD3d 315 [2005]; *Lejkowski v Siedlarz,* 2 AD3d 791 [2003]; *Elezovic v Harrison,* 292 AD2d 416 [2002]; *Bournazos v Malfitano,* 275 AD2d 437 [2000]; *Mc-Neill v Sandiford,* 270 AD2d 467 [2000]; *Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580 [1995]). Accordingly, Paoluccio demonstrated her entitlement to summary judgment. In opposition, the plaintiff failed to raise a triable issue of fact. Ritter, J.P., Luciano, Mastro and Skelos, JJ., concur.