(October 31, 2006)

■ Samson Abrahamian, Plaintiff, v Tak Chan et al., Defendants. (Action No. 1.) Anna Sliwowski et al., Respondents, v Tak Chan et al., Appellants, Fausto H. Morocho et al., Respondents, et al., Defendants. (Action No. 2.) [824 NYS2d 117]—

In two related actions to recover damages for personal injuries, etc., (1) the defendant Tak Chan appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated May 3, 2005, as denied that branch of his cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in action No. 2, (2) the defendants George Rhee and Kyong Shik Choe appeal, as limited by their brief, from so much of the same order as granted the motion of the plaintiffs

in action No. 2 for leave to amend their complaint to add them as defendants in that action, and (3) the defendant Wladyslaw Olechowski appeals, as limited by his brief, from so much of the same order as denied that branch of his cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him in action No. 2.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motions of the defendants Tak Chan and Wladyslaw Olechowski which were for summary judgment dismissing the complaint and all cross claims in action No. 2 insofar as asserted against them, and substituting therefor a provision granting those branches of the cross motions; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Tak Chan and Wladyslaw Olechowski payable by the appellants George Rhee and Kyong Shik Choe, the plaintiffs-respondents, and the defendants-respondents.

In this action arising out of a chain-reaction collision involving 10 vehicles, the defendant Wladyslaw Olechowski alleges that he was able to safely bring his vehicle to a complete stop behind the vehicle of the defendant Tak Chan. In turn, the vehicle operated by the plaintiff Zbigniew Sliwowski, in which the plaintiff Anna Sliwowski was a passenger, is also purported to have safely come to a complete stop behind the Olechowski vehicle. Thereafter, the Sliwowski vehicle was struck in the rear by another vehicle and allegedly was propelled into the rear of the Olechowski vehicle, which in turn was propelled into the rear of the Chan vehicle.

Following their commencement of action No. 2, the Sliwowskis moved for leave to amend their complaint, inter alia, to add George Rhee and Kyong Shik Choe, the driver and owner, respectively, of another vehicle involved in the accident, as defendants in action No. 2. Olechowski and Chan, defendants in both actions, separately cross-moved for summary judgment dismissing the complaints and all cross claims insofar as asserted against them. The Sliwowskis did not submit opposition to the cross motions of Olechowski and Chan.

The Supreme Court granted the motion of the Sliwowskis for leave to amend their complaint, but only granted the cross motions of Olechowski and Chan to the extent of dismissing the complaint and cross claims insofar as asserted against them in action No. 1. These limited appeals by Rhee, Choe, Olechowski, and Chan ensued. We modify the order to grant those branches of the cross motions of Olechowski and Chan which were for

summary judgment dismissing the complaint and all cross claims insofar as asserted against them in action No. 2. As so modified, we affirm the order insofar as appealed from.

Contrary to the contentions of Rhee and Choe, the Supreme Court did not improvidently exercise its discretion in granting the motion for leave to amend the complaint in action No. 2 to add them as defendants." Permission to amend pleadings should be 'freely given' (CPLR 3025, subd [b])" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *see Public Adm'r of Kings County v Hossain Constr. Corp.*, 27 AD3d 714, 716 [2006]). Moreover, while the delay in moving for the amendment was substantial and largely unexplained, "[m]ere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (*Edenwald Contr. Co. v City of New York, supra* at 959; *see Arcuri v Ramos*, 7 AD3d 741 [2004]; *McKenzie v Ostreich*, 300 AD2d 371 [2002]). Under the circumstances of this case, including the fact that they were already named defendants in the related action arising out of the same events, Rhee and Choe failed to demonstrate any genuine prejudice as a result of the amendment. Moreover, the evidence in the record does not indicate that the amendment is palpably insufficient or patently devoid of merit (*see Emilio v Robison Oil Corp.*, 28 AD3d 417, 418 [2006]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340, 341 [2005]; *Ortega v Bisogno & Meyerson*, 2 AD3d 607, 609 [2003]). Accordingly, there is no basis for disturbing the Supreme Court's exercise of its broad discretion in granting the motion.

However, the Supreme Court erred in denying those branches of the cross motions of Olechowski and Chan which were for summary judgment dismissing the complaint and all cross claims in action No. 2 insofar as asserted against them. Those defendants satisfied their burden on the cross motions by presenting evidence that both Olechowski and the Sliwowskis were able to safely bring their vehicles to a complete stop prior to the accident, thereby establishing prima facie that any purported negligence on the part of Olechowski or Chan was not a proximate cause of the rear-end collisions or the Sliwowskis' injuries (*see Calabrese v Kennedy*, 28 AD3d 505 [2006]; *Good v Atkins*, 17 AD3d 315 [2005]; *Lejkowski v Siedlarz*, 2 AD3d 791 [2003]; *Elezovic v Harrison*, 292 AD2d 416 [2002]). Since the Sliwowskis failed to oppose the cross motions, the Supreme Court should have awarded summary judgment in favor of Olechowski and Chan in action No. 2. Prudenti, P.J., Mastro, Fisher and Lunn, JJ., concur.