■ CHAUDHRY ALI, Respondent, v DAILY PITA BAKERIES, INC., et al., Defendants, JANNA KOTSIOUBENKO, Appellant, and AR CAR & LIMO CORP. et al., Respondents. [825 NYS2d 533]—

In an action to recover damages for personal injuries, the defendant Janna Kotsioubenko appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 7, 2005, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.

On February 28, 2001, the plaintiff was a passenger in a vehicle owned by his employer, the defendant Ar Car & Limo Corp., and driven by the defendant Javed Iqbal. The vehicle was proceeding on 86th Street in Brooklyn behind a vehicle driven by the appellant, Janna Kotsioubenko. 86th Street is a two-way street with one parking lane and two driving lanes in each direction separated by double yellow lines.

According to the plaintiff's testimony at his examination before trial, the appellant attempted to make a U-turn, forcing Iqbal to stop. The plaintiff testified that the vehicle occupied by

him "never hit" the appellant's vehicle. After Iqbal came to a complete stop, a vehicle owned by the defendant Daily Pita Bakeries, Inc., and driven by the defendant Ivan Gonzalez collided with the rear of the vehicle occupied by the plaintiff, propelling it into a car parked by the side of the road.

The Supreme Court denied the appellant's motion for summary judgment, finding that "issues of fact exist." We reverse.

The plaintiff's testimony raises an issue of fact as to whether the appellant was negligent. However, since the plaintiff testified that the vehicle occupied by him successfully stopped and "never hit" the appellant's vehicle, the appellant's negligence, if any, was not a proximate cause of the accident (*see Good v Atkins*, 17 AD3d 315 [2005]; *Lejkowski v Siedlarz*, 2 AD3d 791 [2003]; *Lehmann v Sheaves*, 231 AD2d 687 [1996]). Accordingly, the appellant was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Miller, J.P., Goldstein, Skelos and Fisher, JJ., concur.