■ HYEON HEE PARK, Appellant, et al., Plaintiffs, v HI TAEK KIM et al., Respondents. [831 NYS2d 422]—

In an action to recover damages for personal injuries, the plaintiff counterclaim defendant Hyeon Hee Park appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), entered January 10, 2006, as denied his cross motion for summary judgment dismissing the counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion for summary judgment dismissing the counterclaims is granted.

In this action arising out of a multiple vehicle chain-reaction collision, the vehicle operated by the defendant Ming Y. Lam (hereinafter Lam) came to a complete stop behind the vehicle operated by the appellant Hyeon Hee Park (hereinafter Park). Lam's vehicle did not strike Park's vehicle upon stopping behind it. Thereafter, Lam's vehicle was struck from the rear by an automobile operated by the defendant Theresa Kim, and was propelled into the rear of the Park vehicle. The defendants asserted counterclaims against Park alleging that his negligence proximately caused the accident. The Supreme Court denied Park's cross motion for summary judgment dismissing the counterclaims, finding that questions of fact existed with respect to whether Park stopped short and contributed to the cause of the accident. We disagree.

Since Lam was able to safely bring his vehicle to a complete stop behind the Park vehicle prior to the collision, any purported negligence on the part of Park was not a proximate cause of the collision or the injuries (*see Calabrese v Kennedy*, 28 AD3d 505

[2006]; *Good v Atkins*, 17 AD3d 315 [2005]; *Lejkowski v Siedlarz*, 2 AD3d 791 [2003]; *Elezovic v Harrison*, 292 AD2d 416 [2002]; *Bournazos v Malfitano*, 275 AD2d 437 [2000]; *McNeill v Sandiford*, 270 AD2d 467 [2000]; *Chamberlin v Suffolk County Labor Dept.*, 221 AD2d 580 [1995]). Park therefore established his prima facie entitlement to judgment as a matter of law. In opposition, no triable issues of fact were raised. Accordingly, under the circumstances of this case, summary judgment should have been granted to Park dismissing the counterclaims. Schmidt, J.P., Mastro, Santucci and Fisher, JJ., concur.