■ Dorota Krutul, Respondent, v Asia N. Tanner et al., Appellants, and Nahiyan Ahmed et al., Respondents. [33 NYS3d 331]—

In an action to recover damages for personal injuries, the defendants Asia N. Tanner and Richard J. Tanner appeal from an order of the Supreme Court, Kings County (Edwards, J.), dated July 31, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs to the plaintiff-respondent and the defendants-respondents appearing separately and filing separate briefs.

This action arises out of a multiple vehicle collision. The plaintiff Dorota Krutul was a passenger in the lead vehicle. The second vehicle was owned by the defendant Richard J. Tanner and operated by the defendant Asia N. Tanner (hereinafter together the appellants). The third vehicle was owned by the defendant Friend Candy & Newsstand Corp. and operated by the defendant Nahiyan Ahmed. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they were not at fault in the happening of the accident. The Supreme Court denied the motion.

In a multiple-vehicle collision, the operator of a middle vehicle may establish his or her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that he or she had brought the middle vehicle safely to a stop behind the lead vehicle when it was struck in the rear and propelled into the lead vehicle (*see Fonteboa v Nugget Cab Corp.*, 123 AD3d 759, 760 [2014]; *Good v Atkins*, 17 AD3d 315, 316 [2005]; *Elezovic v Harrison*, 292 AD2d 416, 417 [2002]).

Here, the appellants established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that, prior to the accident, their vehicle was stopped behind the lead vehicle, and that it was propelled into the lead vehicle when it was struck in the rear by the vehicle operated by Ahmed (see *Fonteboa v Nugget Cab Corp.*, 123 AD3d at 760; *Hill v Ackall*, 71 AD3d 829 [2010]). In opposition, however, the plaintiff and the defendants Nahiyan Ahmed and Friend Candy & Newsstand Corp. (hereinafter collectively the respondents) raised a triable issue of fact. The respondents' submissions showed that conflicting evidence existed as to how the collision occurred, including evidence suggesting that the appellants' vehicle may have struck the lead vehicle before it was struck in the rear by the vehicle operated by Ahmed. Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them (see *Polanco-Espinal v City of New York*, 84 AD3d 914, 915 [2011]; *Vavoulis v Adler*, 43 AD3d 1154, 1156 [2007]). Balkin, J.P., Leventhal, Austin and Duffy, JJ., concur.