Kante v Tong Fei Chen (2019 NY Slip Op 07390)





Kante v Tong Fei Chen


2019 NY Slip Op 07390


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2019-00316
 (Index No. 705247/15)

[*1]Mamadou Kante, plaintiff-respondent, 
v
Tong Fei Chen, defendant third-party plaintiff-respondent, Osvaldo Cortes, et al., defendants third-party defendants-appellants.


Ferro & Stenz (Russo & Tambasco, Melville, NY [Yamile Al-Sullami and Gerard Ferrara], of counsel), for defendants third-party defendants-appellants.
Mallilo & Grossman, Flushing, NY (Gary Caliendo of counsel), for plaintiff-respondent.
Nancy L. Isserlis (Saretsky Katz & Dranoff, LLP, New York, NY [Ashley S. Rajakaruna], of counsel), for defendant third-party plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party defendants Osvaldo Cortes and Sergio Ivan Perez appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered November 28, 2018. The order denied those defendants' motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against them.
ORDERED that the order is reversed, on the law, with one bill of costs to the defendants third-party defendants-appellants payable by the plaintiff-respondent and the defendant third-party plaintiff-respondent, and the motion of the defendants third-party defendants Osvaldo Cortes and Sergio Ivan Perez for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against them is granted.
The plaintiff allegedly was injured when his vehicle was struck in the rear by another vehicle on the eastbound Brooklyn-Queens Expressway in Queens. Shortly before the accident, the defendant third-party defendant Sergio Ivan Perez was operating a vehicle owned by his uncle, the defendant third-party defendant Osvaldo Cortes, in the left lane of travel when he was flagged down by an unidentified motorist standing outside of a disabled vehicle located on the left side of the road. Perez stopped his vehicle behind the disabled vehicle, activated his hazard lights, and exited his vehicle to provide assistance.
Approximately 15 minutes later, the plaintiff, who was operating a livery cab, approached Perez's vehicle in the left lane, eventually coming to a complete stop behind it, engaged his right turn signal, and attempted to change lanes from the left lane to the middle lane. While waiting to change lanes, the plaintiff observed a speeding SUV approaching from behind in the left lane. The SUV, operated by the defendant third-party plaintiff Tong Fei Chen (hereinafter Chen) [*2]struck the rear of the plaintiff's vehicle, moving it to the right. The SUV then struck the rear of Perez's vehicle. At no time did the plaintiff's vehicle come into contact with Perez's vehicle.
In May 2015, the plaintiff commenced an action against Chen, who then commenced a third-party action against Cortes and Perez (hereinafter together the Perez defendants). In March 2017, the plaintiff commenced a separate action against the Perez defendants. In September 2017, the actions were consolidated. Following discovery, the Perez defendants moved for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against them. The Supreme Court denied the motion. The Perez defendants appeal.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (White v Adom Rental Transp., Inc., 150 AD3d 938, 939; see Hurst v Belomme, 142 AD3d 642, 642; Boulos v Lerner-Harrington, 124 AD3d 709, 709). "Although the issue of proximate cause is generally one for the finder of fact, liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes'" (Castillo v Amjack Leasing Corp., 84 AD3d 1298, 1298, quoting Ely v Pierce, 302 AD2d 489, 489; see Chulpayeva v 109-01 Realty Co., LLC, 170 AD3d 798).
Here, in support of their motion for summary judgment, the Perez defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, the transcripts of the deposition testimony of the plaintiff and Perez. This evidence demonstrated that Perez's conduct of stopping his vehicle in the left lane of travel with its hazard lights engaged was not a proximate cause of the collision between Chen's SUV and the plaintiff's vehicle, but rather merely furnished the condition or occasion for it (see Sheehan v City of New York, 40 NY2d 496; Batista v City of New York, 101 AD3d 773, 778; Williams v Envelope Tr. Corp., 186 AD2d 797; see also Iqbal v Thai, 83 AD3d 897). Since the plaintiff was able to safely bring his vehicle to a complete stop behind Perez's vehicle, where it remained stopped for approximately two minutes prior to the accident, any purported negligence on Perez's part was not a proximate cause of the collision between Chen's SUV and the plaintiff's vehicle or of the plaintiff's injuries (see Hyeon Hee Park v Hi Taek Kim, 37 AD3d 416, 416; Calabrese v Kennedy, 28 AD3d 505, 506; Good v Atkins, 17 AD3d 315, 316; McNeill v Sandiford, 270 AD2d 467, 467; cf. Tutrani v County of Suffolk, 10 NY3d 906, 907-908). The sole proximate cause of the accident was Chen's failure to maintain a safe driving speed and distance behind the plaintiff's vehicle (see Vehicle and Traffic Law § 1129[a]; Blasso v Parente, 79 AD3d 923, 925; Rodriguez v City of New York, 259 AD2d 280, 280). In opposition, neither the plaintiff nor Chen raised a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, the Supreme Court should have granted the Perez defendants' motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against them.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court