Kouzine v Strutsinskiy (2025 NY Slip Op 04716)

Kouzine v Strutsinskiy

2025 NY Slip Op 04716

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2022-10051
 (Index No. 504276/19)

[*1]Maria Kouzine, appellant,
v
Yanina Strutsinskiy, defendant, Mikhail Khodachnik, et al., respondents.

William Pager, Brooklyn, NY, for appellant.
Gilbert, McGinnis & Liferiedge, White Plains, NY (Nicholas V. Giordano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated November 9, 2022. The order granted the motion of the defendants Mikhail Khodachnik and Anna Khodachnik for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when her vehicle collided with a vehicle operated by the defendant Yanina Strutsinskiy (hereinafter the Strutsinskiy vehicle). The plaintiff's vehicle then came into contact with a vehicle operated by the defendant Anna Khodachnik (hereinafter the Khodachnik vehicle). Shortly before the accident, the Khodachnik vehicle was stopped on Ocean Avenue, which, at the location of the accident, was a two-way street with two lanes of travel and one lane of parking in each direction. The Khodachnik vehicle was stopped in the right travel lane, in its direction of travel, awaiting a parking space. The plaintiff was traveling in the same direction in the right lane of travel and completely stopped her vehicle behind the Khodachnik vehicle. The plaintiff testified at her deposition that she turned her left blinker on, moved her wheel to the left, and waited for traffic to pass in order to pass the Khodachnik vehicle. The plaintiff further testified that, while she was waiting, the Strutsinskiy vehicle sideswiped the plaintiff's vehicle, causing the plaintiff's vehicle to move forward and strike the Khodachnik vehicle. Strutsinskiy testified at her deposition that she was traveling entirely in the left travel lane, in the same direction as the plaintiff, when the plaintiff's vehicle, which had been stopped, suddenly made contact with the front left side of the Strutsinskiy vehicle.
The plaintiff commenced this action against Anna Khodachnik and the defendant Mikhail Khodachnik (hereinafter together the Khodachniks) and Strutsinskiy. The Khodachniks moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 9, 2022, the Supreme Court granted the motion. The plaintiff appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that she or he was not at fault in the happening of the accident (see Pokazanova v Kellyman, 233 AD3d 952; Beltre v Menegos, 231 AD3d 1106, 1107). "Evidence of [*2]negligence is not enough by itself to establish liability. It must also be proved that the negligence was the cause of the event which produced the harm sustained by one who brings the complaint" (Sheehan v City of New York, 40 NY2d 496, 501). Thus, "liability may not be imposed upon a party who 'merely furnished the condition or occasion for the occurrence of the event,' but was not one of its causes" (Shatz v Kutshers Country Club, 247 AD2d 375, 375, quoting Sheehan v City of New York, 40 NY2d at 503; see Price v Tasber, 145 AD3d 810, 811).
Here, in support of their motion for summary judgment, the Khodachniks established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. The evidence submitted on the motion established that the plaintiff's vehicle safely came to a complete stop behind the Khodachnik vehicle, without incident, before it subsequently collided with the Strutsinskiy vehicle. Any purported negligence in the stopping of the Khodachnik vehicle was not a proximate cause of the collision, but merely furnished the condition or occasion for it (see Lancer Ins. Co. v Cortes, 208 AD3d 1176, 1178; Kante v Tong Fei Chen, 176 AD3d 928, 930; Ianello v O'Connor, 58 AD3d 684, 686; Hyeon Hee Park v Hi Taek Kim, 37 AD3d 416, 416-417; Calabrese v Kennedy, 28 AD3d 505, 506; Good v Atkins, 17 AD3d 315; McNeill v Sandiford, 270 AD2d 467; see also Price v Tasber, 145 AD3d at 811). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the Khodachniks' motion for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court