■ Donna M. Sollecito, Respondent, v Mary P. Scott et al., Appellants, and Michele A. Latham, Respondent. (And Another Related Action.)—Mahoney, J. Appeal from an order of the Supreme Court (Best, J.), entered November 20, 1991 in Montgomery County, which denied a motion by defendants Mary P. Scott and Scotts Ink, Inc. for summary judgment dismissing the complaint against them.

This personal injury action arises out of a three-car automobile pileup which occurred near the intersection of Delaware and Kenwood Avenues in the Town of Bethlehem, Albany County. Examination of the record reveals that at approximately 12:30 P.M. on August 26, 1988, defendant Mary P. Scott was driving a vehicle owned by defendant Scotts Ink, Inc. on Kenwood Avenue. As she approached the intersection the traffic light was red, causing her to stop her vehicle approximately one car length behind the vehicle immediately in front of her, which was operated by plaintiff. In all, plaintiff and Scott were at the end of a line of approximately 10 cars stopped at the intersection. While these two vehicles were at a complete stop and so positioned, defendant Michele A. Latham approached the intersection. Seeing that the light had just turned green and believing that the traffic was moving despite the fact that she saw brake lights on Scott's vehicle immediately ahead of her, Latham failed to brake her vehicle completely with the result that it struck the Scott vehicle from behind. The impact propelled the Scott vehicle into plaintiff's vehicle.

Seeking to recover for injuries sustained in the accident, plaintiff commenced this action against Scott, Scotts Ink (hereinafter collectively referred to as the Scott defendants) and Latham. Following joinder of issue and the completion of discovery, the Scott defendants moved for summary judgment dismissing the complaint against them contending that the evidence which came to light through discovery conclusively established that Scott was not negligent and in no way caused or contributed to the accident. Concluding that an issue of fact existed with regard to whether Scott's foot came off the brake pedal during impact and that this issue spoke to whether Scott acted reasonably under the circumstances, Supreme Court denied the motion. This appeal by the Scott defendants ensued.

We reverse. The foregoing undisputed evidence, gleaned from the deposition testimony which was submitted on their motion for summary judgment, clearly satisfies the Scott defendants' initial burden of establishing their entitlement to

judgment as a matter of law *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *cf., Rebecchi v Whitmore,* 172 AD2d 600; *Dickens v Merritt,* 123 AD2d 738; *Young v City of New York,* 113 AD2d 833). In response, no evidence other than conclusory assertions was offered to establish that Scott stopped suddenly or took any other unexpected actions from which it could be inferred that she was negligent or that she caused or contributed to this accident. Whether Scott kept her brakes applied after impact is, in our view, insufficient to raise an issue of fact as to her negligence.

Levine, J. P., Mercure, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Mary P. Scott and Scotts Ink, Inc. and complaint dismissed against said defendants.