■ MARIO ARRASTIA, Respondent, v LOUISE SBORDONE, Appellant. [638 NYS2d 659]

On April 26, 1992, an automobile driven by the defendant-appellant Louise Sbordone, having come to a complete stop behind the car of plaintiff-respondent Mario Arrastia on Second Avenue in Manhattan, was struck suddenly from behind by a taxicab and propelled into the rear of plaintiff's car. The taxi drove from the scene shortly thereafter and the identity of the cab driver remains unknown. Plaintiff commenced this action seeking damages for severe personal injuries allegedly sustained in the accident.

Following the commencement of this lawsuit, plaintiff brought an uninsured motorist arbitration claim against his insurer, premised on the claim that the actions of the unidentified cab driver were the proximate cause of his injuries. Plaintiff received an arbitration award of $10,000.

In September 1994, defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, finding that plaintiff had raised unresolved questions of material fact, to wit, the distance between plaintiff's and defendant's cars when moving and at rest immediately before the accident.

We reverse. Inasmuch as there is no dispute that defendant brought her vehicle to a complete stop prior to the accident and was thereafter unexpectedly forced into plaintiff's car by a third, unrelated vehicle, plaintiff has raised no basis for an inference that defendant was negligent or the proximate cause of plaintiff's purported injuries in this matter (*see, Sollecito v Scott*, 188 AD2d 824, 825). Concur—Murphy, P. J., Ross, Tom and Mazzarelli, JJ.