DOLORES PIAZZA et al., Respondents, v ANTHONY D'ANNA, Defendant, FOXY DELIVERY SERVICE, INC., Respondent, and DANIEL E. CHAMBERLAND et al., Appellants. [776 NYS2d 427]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered July 22, 2003. The order denied the motion of defendants Daniel E. Chamberland, Eugene Chamberland and Chamberland Vinyl Repair for summary judgment dismissing the complaint and cross claims against them in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint and cross claims against defendants Daniel E. Chamberland, Eugene Chamberland and Chamberland Vinyl Repair are dismissed.

Memorandum: Supreme Court erred in denying the motion of defendants Daniel E. Chamberland, Eugene Chamberland and Chamberland Vinyl Repair (collectively, Chamberland defendants) for summary judgment dismissing the complaint and cross claims against them. Daniel, the driver of the second of three vehicles involved in a chain-reaction motor vehicle accident, testified at an examination before trial that he had his foot on the brake of his vehicle and that his vehicle had come to a complete stop when it was rear-ended by the last vehicle in the chain, driven by defendant Anthony D'Anna. The Chamberland defendants thereby established their entitlement to judgment as a matter of law (*see Betts v Marecki*, 247 AD2d 916 [1998]), and plaintiffs failed to raise a triable issue of fact. The unsworn statement of D'Anna, submitted by plaintiffs in opposition to the motion, does not "constitute evidentiary proof in admissible form sufficient to defeat the motion" (*Barilla v Meredith Corp.*, 224 AD2d 992, 992 [1996]; *see Grasso v Angerami*, 79 NY2d 813 [1991]), nor did plaintiffs offer any excuse for their failure to provide the statement in proper form (*see Grasso*, 79 NY2d at 814-815). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Hayes, JJ.