■ CARRIE ZIELINSKI, Respondent, v ROBERT C. VAN PELT et al., Appellants, et al., Defendants. (Appeal No. 1.) [779 NYS2d 392]—Appeals from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 4, 2002. The order denied the motion of defendants Stephanie A. Smith and Donald L. Smith and the cross motion of defendant Robert C. Van Pelt to bifurcate the trial.

■ CARRIE ZIELINSKI, Respondent, v ROBERT C. VAN PELT et al., Appellants, et al., Defendants. (Appeal No. 2.) [781 NYS2d 549]—

Appeals from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 23, 2003. The order, inter alia, denied the motion of defendants Stephanie A. Smith and Donald L. Smith and the cross motion of defendant Robert C. Van Pelt for summary judgment dismissing the complaint and cross claims against them.

It is hereby ordered that said appeals from the order insofar as it concerned bifurcation of trial be and the same hereby are unanimously dismissed (*see Matter of Chendo O.,* 175 AD2d 635) and the order is modified on the law by granting the motion of defendants Stephanie A. Smith and Donald L. Smith for summary judgment and dismissing the complaint and cross claims against them and as modified the order is affirmed without costs.

Memorandum: This negligence action arises out of a chain-reaction motor vehicle collision wherein plaintiff, a passenger in the fourth and final vehicle in line, allegedly sustained a serious injury. The record establishes that the accident occurred after the attention of defendant Robert C. Van Pelt, the driver of the first vehicle in line, was drawn to a female pedestrian whom the record suggests was being ogled and harassed by Van Pelt and his male passengers. The record further establishes that Van Pelt had to stop his vehicle abruptly upon returning his attention to the traffic ahead of him. A vehicle owned by defendant Donald L. Smith and operated by defendant Stephanie A. Smith stopped behind Van Pelt's vehicle. Defendant Barbara C. Wood's vehicle then collided with the rear of the Smiths' vehicle, propelling it into the rear of Van Pelt's vehicle. Finally, defendant Joseph F. David's vehicle, in which plaintiff was a passenger, collided with the rear of Wood's vehicle.

We conclude with respect to appeal No. 1 that Supreme Court did not abuse its discretion in denying the motion of the Smiths and the cross motion of Van Pelt to bifurcate the trial inasmuch as "[p]laintiff established that the liability issue presented herein is uncomplicated and that a trial on both liability and damages would be brief" (*Di Pirro v Thompson,* 289 AD2d 1025, 1026 [2001]; *see Mazur v Mazur,* 288 AD2d 945, 946 [2001]). Nevertheless, we conclude with respect to appeal No. 2 that the court erred in denying the motion of the Smiths for summary judgment dismissing the complaint and cross claims against them (*see Piazza v D'Anna,* 6 AD3d 1161 [2004]; *Betts v Marecki,* 247 AD2d 916 [1998]; *Smith v Cafiero,* 203 AD2d 355, 356 [1994]; *Sollecito v Scott,* 188 AD2d 824 [1992]). "The papers

submitted by the [Smiths] clearly showed [their] entitlement to summary judgment" (*Smith,* 203 AD2d at 356) by demonstrating that Stephanie Smith had brought her vehicle to a complete and safe stop when it was rear-ended by Wood's vehicle (*see Piazza,* 6 AD3d at 1162; *Arrastia v Sbordone,* 225 AD2d 375 [1996]). In opposition, plaintiff failed to raise a triable issue of fact (*see Piazza,* 6 AD3d at 1162; *Randolph v Crane,* 278 AD2d 913 [2000]). "The papers submitted by the plaintiff fail to show any [conduct by Stephanie Smith] from which it could be inferred that any negligence on her part caused the plaintiff's accident" (*Smith,* 203 AD2d at 356; *see Betts,* 247 AD2d at 916; *Rehak v Kwan,* 242 AD2d 267 [1997]; *Arrastia,* 225 AD2d 375 [1996]). We therefore modify the order in appeal No. 2 accordingly.

We further conclude with respect to appeal No. 2, however, that the court properly denied the cross motion of Van Pelt for summary judgment dismissing the complaint and cross claims against him. There are issues of fact concerning whether Van Pelt was negligent in his operation of his vehicle and whether such negligence was a proximate cause of plaintiff's injury (*see Mohamed v Town of Niskayuna,* 267 AD2d 909, 910-911 [1999]; *cf. Kassim v City of New York,* 256 AD2d 386, 387 [1998]). Present—Pigott, Jr., P.J., Green, Scudder, Kehoe and Hayes, JJ.