PANAGIOTIS NEGROS et al., Respondents, v AARON L. BROWN et al., Appellants. [789 NYS2d 788]—

Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 30, 2004. The order denied the motions of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant John P. Provenzola and dismissing the complaint against him and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Panagiotis Negros (plaintiff) in a three-car chain-reaction accident. The record establishes that the accident occurred when defendant Justin R. Schmigiel, who was driving a vehicle owned by defendant Aaron L. Brown, stopped suddenly when a passenger in the vehicle alerted him that their destination was to the left of where they were traveling. Defendant John P. Provenzola then stopped his vehicle behind that driven by Schmigiel, and either struck Schmigiel's vehicle or stopped just short of doing so. Provenzola's vehicle was then rear-ended by the vehicle driven by plaintiff.

Supreme Court properly denied the motion of Brown and Schmigiel for summary judgment dismissing the complaint against them. Those defendants failed to establish in support of their motion that Schmigiel properly operated the vehicle owned by Brown and did not engage in conduct that was a proximate cause of the collision between plaintiff's vehicle and that driven by Provenzola (*cf. Kassim v City of New York*, 256 AD2d 386 [1998]). There are thus "issues of fact concerning whether [Schmigiel] was negligent in his operation of [the] vehicle [owned by Brown] and whether such negligence was a proximate cause of plaintiff's injur[ies]" (*Zielinski v Van Pelt* [appeal No. 2], 9 AD3d 874, 876 [2004]).

The court erred, however, in denying the motion of Provenzola for summary judgment dismissing the complaint against him, and we therefore modify the order accordingly. In support of his motion, Provenzola submitted his own deposition testimony as well as plaintiff's deposition testimony, in which both Provenzola and plaintiff testified that Provenzola's vehicle had come to a complete stop before plaintiff collided with it. Provenzola established his entitlement to judgment as a matter of law based on that undisputed deposition testimony, and plaintiffs failed to raise an issue of fact (*see id.* at 875-876; *Piazza v D'Anna*, 6 AD3d 1161, 1162 [2004]; *Betts v Marecki*, 247 AD2d 916 [1998]). The fact that Provenzola's vehicle may have struck Brown's vehicle before plaintiff's vehicle rear-ended Provenzola's vehicle is of no moment where, as here, there is no showing that any negligence on Provenzola's part caused plaintiff's injuries (*see Smith v Cafiero*, 203 AD2d 355, 356 [1994]). "[W]hether or not [Provenzola's] actions may have caused damage to the other parties, h[is] actions were not a proximate cause of the plaintiff's injuries" (*id.*). Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.