■ DEBRA A. FRIZZELL et al., Appellants, v GEORGE T. GIAN-NETTI et al., Respondents. [824 NYS2d 531]—

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered September 13, 2005 in a personal injury action. The order granted defendants' motions for summary judgment dismissing the complaint and denied plaintiffs' cross motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motions in part and reinstating the complaint with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the derivative cause of action and granting that part of the cross motion with respect to the issue of negligence against defendant George T. Giannetti and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Debra A. Frizzell (plaintiff) in a motor vehicle accident. According to plaintiffs, a vehicle driven by defendant Corinne M. Mulligan rear-ended plaintiff's vehicle, which was stopped at a red light. Plaintiffs alleged that a vehicle driven by defendant George T. Giannetti then rear-ended Mulligan's vehicle, which in turn again rear-ended plaintiff's vehicle.

Supreme Court erred in granting those parts of defendants' motions for summary judgment dismissing the complaint with respect to two of the three categories of serious injury allegedly sustained by plaintiff, i.e., a permanent consequential limitation of use and a significant limitation of use (see Insurance Law

§ 5102 [d]), and we therefore modify the order accordingly. Mulligan met her initial burden with respect to those two categories of serious injury by submitting the report of defendants' examining physician, who stated that plaintiff sustained "causally related cervical and lumbar strains . . . that would have been healed within the first six weeks after the motor vehicle accident." The physician further stated that "[a]ll of the imaging studies showed only degenerative changes" that were not related to the accident and that plaintiff's nerve compression disorders shown by the nerve conduction tests and the EMG study were not related to the accident. The medical records submitted by Giannetti in support of his motion and by plaintiffs in opposition to defendants' motions raised a triable issue of fact with respect to those two categories of serious injury. The physician who treated plaintiff for her back and neck injuries diagnosed plaintiff with fibromyalgia and documented plaintiff's decreased reflexes, positive straight leg tests, and a positive Flip test (see Pagels v P.V.S. Chems., 266 AD2d 819 [1999]). Moreover, an EMG study showed objective findings of injuries to plaintiff's arms. The physician who treated plaintiff for her back and neck injuries documented plaintiff's limited range of motion and noted that plaintiff's condition would not "improve very much," and the physician who treated plaintiff for her arm injuries provided a qualitative assessment of plaintiff's condition (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353). In addition, plaintiff's treating physicians opined that plaintiff's injuries were causally related to the accident.

The court properly granted the motions insofar as plaintiffs alleged that plaintiff sustained a serious injury under the 90/180 category of serious injury. Defendants met their initial burden with respect to that category, and plaintiffs failed to raise a triable issue of fact (see Parkhill v Cleary, 305 AD2d 1088, 1090 [2003]).

We agree with plaintiffs that the court erred in denying that part of their cross motion for summary judgment against Giannetti on the issue of negligence, and we therefore further modify the order accordingly. Plaintiffs made a prima facie showing of negligence on his part, and he failed to submit a nonnegligent explanation for the collision (see Ruzycki v Baker, 301 AD2d 48, 49-50 [2002]). The court, however, properly denied that part of the cross motion for summary judgment against Mulligan on the issue of negligence. In support of the cross motion, plaintiffs submitted the deposition testimony of both plaintiff and Giannetti in which they testified that Mulligan rear-ended plaintiff's

vehicle and that, after the initial collision, Giannetti struck Mulligan's vehicle, causing Mulligan's vehicle to rear-end plaintiff's vehicle a second time. However, plaintiffs also submitted the deposition testimony of Mulligan in which she testified that she applied her brakes as she approached the intersection and that, when her vehicle was a few feet from plaintiff's vehicle, her vehicle was rear-ended, causing her vehicle to strike plaintiff's vehicle only once. Plaintiffs' submissions thus raised a triable issue of fact whether Mulligan was negligent (*see generally Negros v Brown*, 15 AD3d 994 [2005]; *Piazza v D'Anna*, 6 AD3d 1161 [2004]). Present—Gorski, J.P., Martoche, Smith and Pine, JJ.