(October 27, 2009)

■ Osmin Aguilar, Appellant, v Clara Alonzo et al., Respondents, et al., defendants. [888 NYS2d 545]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 5, 2008, which granted the motion of the defendants Clara Alonzo and Auguste Shurland for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Clara Alonzo and Auguste Shurland for summary judgment dismissing the complaint insofar as asserted against them is denied.

A vehicle owned by the defendant Clara Alonzo and operated by the defendant Auguste Shurland (hereinafter the Shurland vehicle) allegedly came to a sudden stop in the right-hand lane of the Van Wyck Expressway. The defendant Juan Sanchez, who was trailing the Shurland vehicle in a tractor-trailer, testified at his deposition that he then brought his vehicle to a complete stop about 20 feet behind the Shurland vehicle. The plaintiff's vehicle then collided with the rear of the Sanchez vehicle.

The plaintiff commenced this action to recover damages for personal injuries. Alonzo and Shurland moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. We reverse. Alonzo and Shurland failed to make a prima facie showing of their entitlement to summary judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The evidence submitted by Alonzo and Shurland failed to demonstrate the absence of a triable issue of fact regarding whether Shurland's conduct set in motion a foreseeable chain of events that resulted in the collision between the plaintiff's vehicle and the Sanchez vehicle (see Tutrani v County of Suffolk, 10 NY3d 906, 907 [2008]). The fact that Sanchez was able to stop his vehicle without striking the Shurland vehicle does not establish that Shurland's conduct was not a proximate cause of the collision between the plaintiff's vehicle and the Sanchez vehicle (id. at 908). Accordingly, the Supreme Court should have denied the motion, regardless of the sufficiency of the plaintiff's opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324). Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.