# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1137**
**CA 12-00644**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

MARK A. PRINE, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

ADAM M. SANTEE, SIMON M. COAL-ALOOR,
DEFENDANTS-RESPONDENTS,
AND ANNA TORRES, DEFENDANT-APPELLANT.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JILL Z. FLORKOWSKI OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICE OF JOHN J. FROMEN, ESQ., BUFFALO, MAGAVERN MAGAVERN GRIMM
LLP (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (SCOTT R. ORNDOFF OF
COUNSEL), FOR DEFENDANT-RESPONDENT ADAM M. SANTEE.

---

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered June 6, 2011 in a personal injury action. The
order, insofar as appealed from, denied the cross motion of defendant
Anna Torres for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is
reversed on the law without costs, the cross motion of defendant Anna
Torres is granted and the amended complaint and all cross claims are
dismissed against her.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he sustained in a four-vehicle-chain-reaction accident.
Supreme Court erred in denying the cross motion of Anna Torres
(defendant) for summary judgment dismissing the amended complaint and
all cross claims against her. Defendant, the driver of the first of
the four vehicles involved, testified at her deposition that she had
her foot on the brake and that her vehicle had come to a complete stop
at a red light, approximately "half of a car" length behind the
vehicle in front of her, when it was rear-ended by the second vehicle
in the chain. That vehicle was owned and operated by defendant Simon
M. Coal-Aloor, who testified at his deposition that his vehicle was
also stopped in the line of vehicles at the traffic signal, with 10 to
15 feet between the front of his vehicle and the rear of defendant's
vehicle, when he was rear-ended and propelled into the rear of
defendant's vehicle by plaintiff's vehicle, which was third in the
chain. Plaintiff in turn testified at his deposition that the Coal-
Aloor vehicle immediately in front of him came to a "sudden stop."

Plaintiff was able to bring his vehicle to a safe stop, but it was then rear-ended by a vehicle owned and operated by defendant Adam M. Santee, which was fourth in the chain.  We conclude that defendant met her burden of establishing her entitlement to judgment as a matter of law (*see Piazza v D'Anna*, 6 AD3d 1161, 1162; *Betts v Marecki*, 247 AD2d 916, 916-917), and plaintiff and the other defendants failed to raise a triable issue of fact (*see Zielinski v Van Pelt* [appeal No. 2], 9 AD3d 874, 875-876).  Here, defendant met her initial burden by establishing that she had brought her vehicle to a safe stop and that she did not rear-end or strike any vehicle.  Plaintiff and the other defendants failed to raise any inference of negligence on the part of defendant with respect to any of the rear-end collisions that occurred behind defendant after she had brought her vehicle to a stop.

All concur except FAHEY and VALENTINO, JJ., who dissent and vote to affirm in the following Memorandum:  We respectfully dissent and would affirm the order denying the cross motion of Anna Torres (defendant) for summary judgment dismissing the amended complaint and any cross claims against her.  In our view, defendant failed to meet her initial burden of establishing that she did not engage in conduct that was a proximate cause of the accident (*see Negros v Brown*, 15 AD3d 994, 995; *see also Hazzard v Burrowes*, 95 AD3d 829, 830-831; *Aguilar v Alonzo*, 66 AD3d 927, 928; *Zielinski v Van Pelt* [appeal No. 2], 9 AD3d 874, 876).  The papers submitted by defendant do not demonstrate that defendant " 'maintain[ed] a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the [vehicle in front of her]' " (*Napolitano v Galletta*, 85 AD3d 881, 882), nor do those papers establish that defendant had brought her vehicle to a safe stop when it was rear-ended immediately before the accident (*see Zielinski*, 9 AD3d at 875-876).  Here, although defendant did not make contact with the vehicle in front of her, the deposition testimony she submitted in support of her cross motion is silent as to the nature of her stop, i.e., whether it was sudden or controlled.  Moreover, defendant did not explain the circumstances under which she stopped her automobile by submitting an affidavit in support of her motion clarifying or enhancing her deposition testimony.

Entered:  December 21, 2012                      Frances E. Cafarell
                                                  Clerk of the Court