Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a four-vehicle-chain-reaction accident. Supreme Court erred in denying the cross motion of Anna Torres (defendant) for summary judgment dismissing the amended complaint and all cross claims against her. Defendant, the driver of the first of the four vehicles involved, testified at her deposition that she had her foot on the brake and that her vehicle had come to a complete stop at a red light, approximately “half of a car” length behind the vehicle in front of her, when it was rear-ended by the second vehicle in the chain. That vehicle was owned and operated by defendant Simon M. Coal-Aloor, who testified at his deposition that his vehicle was also stopped in the line of vehicles at the traffic signal, with 10 to 15 feet between the front of his vehicle and the rear of defendant’s vehicle, when he was rear-ended and propelled into the rear of defendant’s vehicle by plaintiffs vehicle, which was third in the chain. Plaintiff in turn testified at his deposition that the CoalAloor vehicle immediately in front of him came to a “sudden stop.” Plaintiff was able to bring his vehicle to a safe stop, but it was then rear-ended by a vehicle owned and operated by defendant Adam M. Santee, which was fourth in the chain. We conclude that defendant met her burden of establishing her entitlement to judgment as a matter of law (see Piazza v D'Anna, 6 AD3d 1161, 1162 [2004]; Betts v Marecki, 247 AD2d 916, 916-917 [1998]), and plaintiff and the other defendants failed to raise a triable issue of fact (see Zielinski v Van Pelt [appeal No. *1602 2], 9 AD3d 874, 875-876 [2004]). Here, defendant met her initial burden by establishing that she had brought her vehicle to a safe stop and that she did not rear-end or strike any vehicle. Plaintiff and the other defendants failed to raise any inference of negligence on the part of defendant with respect to any of the rear-end collisions that occurred behind defendant after she had brought her vehicle to a stop.
All concur except Fahey and Valentino, JJ., who dissent and vote to affirm in the following memorandum.