Fahey and Valentino, JJ. (dissenting).
We respectfully dissent and would affirm the order denying the cross motion of Anna Torres (defendant) for summary judgment dismissing the amended complaint and any cross claims against her. In our view, defendant failed to meet her initial burden of establishing that she did not engage in conduct that was a proximate cause of the accident (see Negros v Brown, 15 AD3d 994, 995 [2005]; see also Hazzard v Burrowes, 95 AD3d 829, 830-831 [2012]; Aguilar v Alonzo, 66 AD3d 927, 928 [2009]; Zielinski v Van Pelt [appeal No. 2], 9 AD3d 874, 876 [2004]). The papers submitted by defendant do not demonstrate that defendant “ ‘maintain [ed] a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the [vehicle in front of her]’ ” (Napolitano v Galletta, 85 AD3d 881, 882 [2011]), nor do those papers establish that defendant had brought her vehicle to a safe stop when it was rear-ended immediately before the accident (see Zielinski, 9 AD3d at 875-876). Here, although defendant did not make contact with the vehicle in front of her, the deposition testimony she submitted in support of her cross motion is silent as to the nature of her stop, i.e., whether it was sudden or controlled. Moreover, defendant did not explain the circumstances under which she stopped her automobile by submitting an affidavit in support of her motion clarifying or enhancing her deposition testimony. Present — Scudder, P.J., Smith, Fahey, Carni and Valentino, JJ.