Gustke v Nickerson (2018 NY Slip Op 02087)





Gustke v Nickerson


2018 NY Slip Op 02087


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


363 CA 17-01248

[*1]JONATHAN R. GUSTKE, PLAINTIFF-APPELLANT-RESPONDENT,
v
JONATHAN T. NICKERSON, BRIAN H. FOLEY, DEFENDANTS-RESPONDENTS, MARY BETH LIPOME AND MARY A. HOURT, DEFENDANTS-RESPONDENTS-APPELLANTS. 






PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (DAVID M. GOODMAN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT MARY BETH LIPOME.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JEFFREY BAASE OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT MARY A. HOURT. 

 


 Appeal and cross appeals from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered April 11, 2017. The order, among other things, granted the motions of defendants Jonathan T. Nickerson and Brian H. Foley seeking summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of plaintiff's cross motion on the issue of defendant Mary Beth Lipome's negligence with respect to the chain-reaction accident and granting the cross motion of defendant Mary Beth Lipome in part and dismissing the complaint against her insofar as it relates to the accident between defendant Mary A. Hourt and plaintiff, and as modified the order is affirmed without costs. 
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was operating was involved in a chain-reaction motor vehicle accident, following which he was struck by a vehicle while on foot. All of the parties were driving on South Cayuga Road in Amherst, New York, and plaintiff and defendants Jonathan T. Nickerson and Brian H. Foley were stopped in the northbound lane at the intersection with Coventry Road. Plaintiff was waiting for an opening in traffic in the opposite direction so he could make a left turn onto Coventry Road. Soon thereafter, a vehicle driven by defendant Mary Beth Lipome rear-ended Foley's vehicle, which caused a chain-reaction collision with Nickerson's vehicle and then plaintiff's vehicle. Plaintiff turned his vehicle onto Coventry Road and parked and Nickerson, Foley, and Lipome pulled off to the side on South Cayuga Road. Plaintiff called his father and told him that he had been in an accident and that he was going to check on the other drivers and exchange insurance information. He exited his vehicle and began walking back toward the other drivers on South Cayuga Road when he was struck by a vehicle driven by defendant Mary A. Hourt. Plaintiff has no memory of the accidents. Defendants each moved/cross-moved for summary judgment dismissing the complaint against them, and plaintiff [*2]cross-moved for partial summary judgment on the issue of negligence and, in the alternative, to compel discovery. Supreme Court granted the motions of Nickerson and Foley, denied the motion and cross motion of the remaining defendants, and granted that part of plaintiff's cross motion seeking to compel discovery except with respect to Nickerson and Foley. Plaintiff appeals, and Hourt and Lipome cross-appeal.
Contrary to plaintiff's contention on appeal, the court properly granted the motions of Nickerson and Foley. "[I]n multiple-car, chain-reaction accidents the courts have recognized that the operator of a vehicle which has come to a complete stop and is propelled into the vehicle in front of it as a result of being struck from behind is not negligent inasmuch as the operator's actions cannot be said to be the proximate cause of the injuries resulting from the collision" (Mohamed v Town of Niskayuna, 267 AD2d 909, 910 [3d Dept 1999]). Here, both Nickerson and Foley established their entitlement to summary judgment inasmuch as they both came to a complete stop before Lipome's vehicle rear-ended Foley's vehicle, which was then propelled into Nickerson's vehicle, and, in opposition, plaintiff failed to raise a triable issue of fact (see Zielinski v Van Pelt [appeal No. 2], 9 AD3d 874, 875-876 [4th Dept 2004]; Piazza v D'Anna, 6 AD3d 1161, 1162 [4th Dept 2004]).
We agree with plaintiff, however, that he is entitled to partial summary judgment on negligence to the extent that Lipome's vehicle rear-ended Foley's vehicle, thereby starting the chain-reaction accident. We therefore modify the order accordingly. " [T]he rearmost driver in a chain-reaction collision bears a presumption of responsibility' " (Ferguson v Honda Lease Trust, 34 AD3d 356, 357 [1st Dept 2006]), and "[i]t is well established that a rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on the operator of the moving vehicle to come forward with an adequate, [nonnegligent] explanation for the accident" (Barron v Northtown World Auto, 137 AD3d 1708, 1709 [4th Dept 2016] [internal quotation marks omitted]). Here, plaintiff met his initial burden of demonstrating that Lipome was negligent in rear-ending Foley's vehicle, which undisputedly caused the chain-reaction accident. Lipome has not provided any nonnegligent explanation for the collision and, indeed, it appears from the record that Lipome essentially admitted that she was at fault for rear-ending Foley's vehicle.
With respect to Lipome's cross appeal, we agree with plaintiff that the court properly denied Lipome's cross motion to the extent it relates to the chain-reaction accident inasmuch as there are triable issues of fact whether at least some of plaintiff's alleged injuries were caused by that accident (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We agree with Lipome, however, that she is entitled to partial summary judgment dismissing the complaint against her insofar as it relates to the accident between plaintiff and Hourt, and we therefore further modify the order accordingly. Lipome's negligence in the chain-reaction accident "did nothing more than to furnish the condition or give rise to the occasion by which [plaintiff's] injury was made possible and which was brought about by the intervention of a new, independent and efficient cause" (Serrano v Gilray, 152 AD3d 1164, 1165 [4th Dept 2017], lv denied 30 NY3d 904 [2017] [internal quotation marks omitted]), i.e., plaintiff's conduct in walking back to the accident scene. Prior to plaintiff's accident with Hourt, the situation resulting from the initial rear-end accident " was a static, completed occurrence,' . . . [and] [t]he risk undertaken by plaintiff' [in walking back to the rear-end accident scene] was created by himself" (id.).
Contrary to Hourt's contention on her cross appeal, the court properly denied her motion inasmuch as she failed to meet her initial burden of establishing that the alleged negligence of plaintiff was the sole proximate cause of the accident and that her " alleged negligence, if any, did not contribute to the happening of the accident' " (Burkhart v People, Inc., 106 AD3d 1535, 1536 [4th Dept 2013]). Specifically, Hourt failed to establish in support of her motion that plaintiff "suddenly darted out" into traffic or that she complied with her "duty to see that which through the proper use of [her] senses [she] should have seen" (id. [internal quotation marks omitted]; see Benetatos v Comerford, 78 AD3d 750, 752 [2d Dept 2010]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court