| |
|---|
| **Biestek v Rahuman** |
| 2024 NY Slip Op 32348(U) |
| July 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No.: 150277/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                          PART          22M
                                                *Justice*

----------------------------------------------------------------------X

BRETT BIESTEK, LESLIE SCHAEFER,

                          Plaintiff.

              - v -

MOHAMMED RAHUMAN, MOHAMMED MUZAMMIL,
REMI GAY, MAMADOU DIALLO

                          Defendant.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150277/2021 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 80, 81, 82, 83, 99, 100, 101 were read on this motion to/for           JUDGMENT - SUMMARY           .

Upon the foregoing documents, the motion by Defendant Remi Gay ("Gay") for summary judgment in favor of the Defendant Gay, dismissing the Complaint and any cross-claims and/or counter-claims pursuant to CPLR 3211 and 3212 on the basis that Plaintiffs failed to establish a prima facie case of liability as and against the moving Defendant as a matter of law and that Defendant Gay is free from fault is decided as follows:

### Background

Plaintiffs seek to recover for injuries allegedly sustained as a result of a July 12, 2020, motor vehicle accident between a vehicle operated, with permission by the vehicles owner, by Defendant Mohammad Rahuman ("Rahuman") within which Plaintiffs Brett Biestek and Leslie Shaefer were passengers; a vehicle owned and operated by Defendant Remi Gay ("Gay"); and a vehicle owned and operated by Defendant Mamadou Diallo ("Diallo"). The accident took place between the parties on the westbound Brooklyn-Queens Expressway ("BQE") near Exit 31. In both Plaintiffs' and co-Defendants' Examinations Before Trial ("EBT"). all parties allege Diallo's vehicle made impact with the rear of Gay's vehicle which subsequently made impact with the rear of Rahuman's vehicle within which Plaintiffs were passengers.

150277/2021  BIESTEK, BRETT vs. RAHUMAN, MOHAMMED
Motion No. 004

Page 1 of 5

[* 1]

In Plaintiff Brett Biestek's EBT, he testified that he was a passenger seated in the second row of the vehicle behind the front passenger seat in an Uber driven by Rahuman that was traveling westbound on the BQE. Plaintiff Biestek further testified that at the time of the accident, Rahuman's vehicle was in the process of slowing down, but had not come to a complete stop. He did not see the vehicle that made impact with Rahuman's before the accident occurred.

In Plaintiff Leslie Shaefer's EBT, she testified that she was a passenger seated in the back of the vehicle next to Plaintiff Biestek in an Uber driven by Rahuman on a highway between La Guardia airport and "the city." She further testified that Rahuman's vehicle had come to a complete stop but may have been rolling forward for approximately two seconds before the accident. She testified that she did not see any vehicles behind Rahuman's vehicle before the accident.

In Rahuman's EBT, he testified that he was driving two Uber customers to Brooklyn from Queens on the BQE. Rahuman further testified that he moved his vehicle into the exit lane for Exit 31 and was stopped for one to two minutes before the accident occurred. Rahuman testified that he "think[s]" his vehicle was the last vehicle in traffic.

In Diallo's EBT, he testified that he was driving westbound on the BQE with two non-party customers seated in the rear of his vehicle at the time of the accident. Diallo further testified that he does not recall whether the vehicle in front of his was moving or stopped at the time of the accident and did not notice the vehicle in front of his before contact was made.

In Gay's EBT, she testified that she was driving westbound on the BQE with a non-party passenger. Gay affirms her right foot was on the brake and her vehicle had come to a complete stop for approximately five seconds before the accident and that the vehicle in front of hers was stopped as well.

### Discussion

To grant summary judgment, it must be clear that no material or triable issues of fact are presented (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395 [1957]). The proponent of

150277/2021  BIESTEK, BRETT vs. RAHUMAN, MOHAMMED
Motion No. 004

Page 2 of 5

2 of 5

a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure...to do [so]" (*Zuckerman v New York*, 49 NY2d 557, 560 [1980]). A defendant's motion for summary judgment opposed by a plaintiff must be decided on the version of the facts most favorable to the plaintiff (*Mullin v 100 Church LLC*, 12 AD3d 263, 264 [1st Dept 2004]).

In support of the motion for summary judgment, Gay submits the Plaintiffs' summons and complaint, Gay's answer, police report, Plaintiffs' EBTs, co-Defendant's EBTs, and Gay's EBT. The police report and EBTs of all parties are in conflict as to the order of the vehicles involved at the time of the accident. Gay testified in her EBT that she had come to a complete stop for approximately five seconds and had her right foot on the brake when her vehicle was hit from the rear without warning. Gay further testified that the impact launched her vehicle forward into the rear of a vehicle that was also stopped.

"A rear-end collision with a stopped vehicle, or a vehicle slowing down, establishes a prima facie case of negligence on the part of the operator of the rear-ending vehicle, which may be rebutted if that driver can provide a non-negligent explanation for the accident" (*Baez-Pena v MM Truck & Body Repair, Inc.*, 151 AD3d 473, 476 [1st Dept 2017] [internal citations omitted]). Further, being propelled forward in a chain reaction collision is a non-negligent explanation for a rear-end motor vehicle accident (*see Arrasit v Sbordone*, 225 A.D.2d 375 [1st Dep't 1996]).

In opposition, Diallo contends the question of fault should be determined by a jury. Diallo testified that the front of his vehicle made contact with the rear of the other vehicle, and that prior to the impact, he did not notice the other vehicle.

150277/2021  BIESTEK, BRETT vs. RAHUMAN, MOHAMMED
Motion No. 004

Page 3 of 5

3 of 5

Plaintiffs did not submit any materials in opposition to Gay's motion for summary judgment.

In reply, Gay contends that Diallo failed to come forward with any evidence of a non-negligent explanation for the rear end collision, nor does his opposition create a triable issue of fact. "In a chain-reaction collision, responsibility presumptively rests with the rearmost driver [...]" (*Mustafaj v Driscoll*, 5 AD3d 138 [1st Dept 2004] [internal citations omitted]). In *Mustafaj*, the plaintiff was a passenger in the first vehicle of a three-car collision, resulting in the plaintiff's injuries. The second vehicle in the collision was stopped behind the plaintiff's vehicle when it was struck in the rear by the third vehicle propelling it forward into the rear of plaintiff's vehicle (*Id.* at 138, 139). The court found it to be undisputed that the third car first rear-ended the second car, propelling it forward and that the plaintiff failed to raise a triable issue sufficient to defeat the second vehicle defendant's motion for summary judgment (*Id.* at 139).

Here, like in *Mustafaj*, it is undisputed that Gay's vehicle was at a complete stop when it was struck in the rear by Diallo's vehicle, propelling Gay forward. The parties' testimony Gay submitted establishes a prima facie entitlement to summary judgment (*see Winegrad* 64 NY2d at 851; *Zuckerman* 49 NY2d at 560). Plaintiffs did not respond in opposition and Diallo has failed to provide a non-negligent explanation to defeat Gay's motion for summary judgment. Diallo's testimony fails to raise a non-negligent explanation for the rear end collision. Diallo failed to establish that he maintained a safe following distance (*see* VTL 1129 [a]; *Baez-Pena v MM Truck & Body Repair, Inc.*, 151 AD3d 473 [1st Dept 2017]). Gay's motion for summary judgment is granted. Accordingly, it is

**ORDERED** that the motion of Defendant Remi Gay to dismiss the complaint herein is granted and the complaint and any cross-claims are dismissed in their entirety as against said defendant, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

150277/2021  BIESTEK, BRETT vs. RAHUMAN, MOHAMMED
Motion No. 004

Page 4 of 5

[* 4]

**ORDERED** that the action is severed and continued against the remaining Defendants; and it is further

**ORDERED** that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

**ORDERED** that counsel for the moving party shall serve a copy of this order with Notice of Entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

_____7/9/2024_____
**DATE**

_____
**JAMES G. CLYNES, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

150277/2021  BIESTEK, BRETT vs. RAHUMAN, MOHAMMED
Motion No. 004

Page 5 of 5

5 of 5